[Civil No. 4126. Filed June 26, 1939.]

[91 Pac. (2d) 867.]

EVA AFTON HANCOCK KAY, Petitioner, v. HILL-SIDE MINES, INC., a Corporation, Defendant Employer; THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Messrs. Cunningham & Carson and Mr. A. S. Gibbons, for Petitioner.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, J.—This is an appeal by Eva Afton Hancock Kay, hereinafter called petitioner, from an award of the Industrial Commission, hereinafter called respondent, denying her any death benefit compensation on account of the death of her late husband, John Kay.

The facts of the case are in no manner in dispute, and may be stated as follows: John Kay, hereinafter called deceased, died leaving surviving him petitioner and four minor daughters, Louise, Corrine, Janice and Doris Kay. The circumstances surrounding his death were set forth in the findings of respondent made upon the application of the widow for death benefits for herself and her minor children, as follows:

"1. That the above named deceased, while employed in the State of Arizona by the above named defendant employer, sustained a hernia by reason of a severe strain and blow, caused by an accident arising out of and in the course of the employment of the deceased, on September 14, 1938.

"2. That the descent of the hernia occurred immediately following the severe strain and was immediately followed by a very severe pain in the hernial region.

"3. That the strain, descent of hernia, and pain were of such severity that the same were noticed by the deceased and communicated immediately to his employer.

"4. That on November 1, 1938, an operation was necessary and was performed to repair the hernia of the deceased, and on November 3, 1938, the deceased died. That his death was proximately caused by the shock of the anaesthetic and herniotomy.

"5. That the deceased left surviving him and totally dependent upon him for their support at the time of said injury the following persons: (naming petitioner and her children).

"6. That the deceased was continuously employed for the period of thirty days immediately preceding

his injury, · and his actual and average wage was $143.10 per month.''

The respondent was of the opinion that under these facts and the law, petitioner and her children were not entitled to any death benefits, and an award was made accordingly. It is from this award that this appeal was taken.

The question before us is one of law only, and depends upon the interpretation of sections 1438 and 1439, Revised Code of 1928, being part of the Workmen's Compensation Act. These sections are lengthy, and we shall quote from them only as necessary.

''1438. *Measure of compensation; total and partial disabilities.* Every employee of an employer within the provisions of this article, who shall be injured by accident arising out of and in the course of employment, or his dependents, as hereinafter defined, in case of his death, shall receive the compensation herein fixed, on the basis of average monthly wage at time of injury. . . .

''(A) Death Benefits.

''If the injury causes death, the compensation shall be known as a death benefit, and shall be payable in the amount and to and for the benefit of the persons following: [Setting forth the character of dependents and the amount of death benefits].''

''1439. *Hernia.* All hernias are considered to be injuries within the provisions hereof causing incapacitating conditions or permanent disability, and until otherwise ordered by the commission, the following rules for rating the same shall govern: (a) . . . (b) all other hernias, whenever occurring or discovered and whatsoever the cause, except as under (a), are considered to be diseases causing incapacitating conditions, or permanent partial disability; but the permanent, partial disability and the causes of such are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both, and are not compensatory, except it be proven: That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe

strain or blow received while in the course of employment; that the descent of the hernia occurred immediately following the cause; that the cause was accompanied, or immediately followed, by severe pain in the hernial region, and that the above facts were of such severity that the same were noticed by the claimant and communicated immediately to one or more persons, in which event they are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but not to exceed two months.''

It is the contention of the petitioner that a death caused by a hernia which is compensable under subdivision (b) of section 1439, *supra,* is also compensable in the manner set forth in section 1438, *supra,* under the head of ''death benefits.''

It is the position of respondent that a hernia under subdivision (b) of section 1439, *supra,* is compensable only as set forth in that section, and that no death benefit compensation may be paid therefor.

■■■■ The Workmen's Compensation Law, Revised Code of 1928, section 1391 et seq., is purely statutory in its origin, and any benefits claimed thereunder are creatures of the statute and may be granted only if, as, and when provided by the statute. *Industrial Com.* v. *Kamrath,* 118 Ohio St. 1, 160 N. E. 470. It is, however, remedial in its character and should be liberally construed for the purpose of protecting those coming under its purview from industrial accidents of the nature covered by the statute. *Ocean Accident & Guarantee Corp.* v. *Industrial Com.,* 32 Ariz. 265, 257 Pac. 641; *Federal Mut. Liability Ins. Co.* v. *Industrial Com.,* 32 Ariz. 293, 257 Pac. 982. But it is not intended to provide general insurance against death or injury under all conditions. *Netherton* v. *Lightning Delivery Co.,* 32 Ariz. 350, 258 Pac. 306.

With these rules of construction before us, let us examine the provisions of the act above set forth. Section 1438, *supra,* sets forth the general rule for compensation. It states that all employees who are injured by accident arising out of the course of their employment, and their dependents in case of death, shall receive compensation. If there is nothing further in the act limiting the circumstances under which compensation is due, it is obvious that petitioner would be entitled to receive death benefits for herself and her children, since they are declared to be dependents of John Kay under other provisions of the act, and the findings show that he died as a result of an injury by accident arising out of and in the course of his employment.

The next question is, if this be true, what compensation would she be entitled to. The death benefits provided by the section are stated to be burial expenses, and a certain percentage of the wages of the deceased to the widow, and an additional percentage for the minor children, in an amount set forth in the section. If other provisions of the act do not change the situation, there can be no question that both petitioner and her minor children are entitled to compensation in the percentages fixed by section 1438, *supra.* Nor is this disputed by the respondent. Its contention is that section 1439, *supra,* places compensation for hernias in a special class, and that where a general law includes all objects of a certain class, and there is a special law covering the same subject, applying only to a sub-class which otherwise would fall within the general law, the special law will be considered as creating an exception to the general one, and the terms of the general law will have no application to the sub-class set forth in the special law.

The general rule is undoubtedly as stated by respondent, nor does petitioner deny this to be true. She claims, however, that there is a qualification of the rule to the effect that the special act takes the objects covered by it out of the general act only as to those matters which the special act itself deals with, and that so far as any provisions of the general act, which are not directly or by reasonable implication dealt with and altered by the special act, are concerned, the general act still applies to the sub-class. She urges that section 1438, *supra,* provides for two independent and distinct classes of compensation, the first to the injured employee for his own benefit in case he survives the injury, and the second for the benefit of his dependents, which arises only if, as, and when the injured employee dies as a result of the injury, and that section 1439, *supra,* only limits the compensation due under the first cause of recovery, that of the injured workman himself, making no reference to any rights which may accrue under the general law.

■ The Workmen's Compensation Act introduced a new principle into our law. Before its passage, the burden of the loss caused by accident arising out of and in the course of employment was almost invariably borne by those the least able to assume the burden —the injured employee and his dependents. The state, by the compensation act, has changed that policy and determined, in its exercise of the police power, that the industry itself should bear the burden of waste and breakage of the human instruments used therein, as it has always had to bear any damage to the inanimate ones.

■ The loss to the injured workman and to his dependents was obviously the wages which he would otherwise presumably have earned and applied to his support and that of his family. The law, therefore,

in determining the amount of compensation to be given him always presumed that had not the workman been injured, he would have continued to earn his then wages for a greater or less time, and has awarded compensation on the basis of such wages. In other words, compensation is in lieu of lost wages. When the workman survived the accident, the compensation was due to and paid directly to him, just as the wages would have been, and his dependents had no right of recovery, for it was assumed that he would use the compensation in the same manner as he had been using his wages, for his and their support. When, however, death ensued as a result of the accident, the workman himself needed and was entitled to no further support, but his dependents were even more helpless than before, and the law awards compensation to such dependents, based again upon the wages which presumably the injured workman would have received had he survived.

██ Since this is the theory back of the law, we think it is plain that there are two independent and separate rights of recovery, although based on the same accident; the one of the workman during his lifetime, and the other of his dependents after his death. It follows, as a corollary, that the injured workman himself cannot waive, surrender nor compromise the right which was given by the law for the benefit of his dependents. So far as the compensation due for his own injury is concerned, he may, with the consent of the commission, compromise his claim, but he may not, even with such consent, compromise or surrender the right of his dependents to recover such compensation as the law awards them after his death. This being the case, it would seem when the general statute awards separate and independent rights to the injured workman and to his dependents, that the special stat-

ute, which on its face refers only to the rights of the workman himself, should not be construed to have taken away the rights of the dependents granted by the general statute.

■ We hold, therefore, that when an injured workman dies as a result of a hernia of the class described in subdivision (b) of section 1439, *supra,* the two months limitation placed by the section on compensation due him individually for the hernia does not include the compensation due his dependents as a death benefit under the general provisions of section 1438, *supra,* and that they are entitled to the same benefits as are given by the act for death arising from any other cause covered by the law.

The award is set aside.

ROSS, C. J., and McALISTER, J., concur.