**VIERSEN & COCHRAN DRILLING COMPANY and the Travelers Insurance Company, Petitioners,**

**v.**

**Geneva E. FORD and the State Industrial Court, Respondents.**

**No. 41573.**

Supreme Court of Oklahoma.

Jan. 6, 1967.

As Corrected Jan. 11, 1967.

Rehearing Denied Feb. 14, 1967.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Carl E. Moslander, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

On June 25, 1958, Oman Cecil Ford, hereinafter called deceased, filed a claim before the State Industrial Court against Viersen & Cochran Drilling Company, employer, and its insurance carrier, Travelers Insurance Company, hereinafter called petitioners. In his claim, Mr. Ford alleged that on March 27, 1958, he sustained an accidental injury to his heart which arose out of and in the course of his employment.

Thereafter the lower court entered an order finding that claimant had sustained an accidental injury to his heart as alleged and awarded him compensation on the basis of 50% permanent partial disability to the body as a whole. The claim was then settled by the parties by joint petition which was approved by the Industrial Court on May 27, 1959.

Mr. Ford passed away on May 30, 1963. Geneva E. Ford, his widow and claimant herein, filed a claim before the State Industrial Court on April 29, 1964, for compensation under the death benefit provisions of the Workmen's Compensation Act. A trial judge found that deceased's death resulted from the injury of March 27, 1958, and awarded claimant statutory benefits. On appeal to the entire court, the order was affirmed.

Petitioners bring this original action for review of the award and for reversal of the same advance four propositions which will be considered in the order presented.

Petitioner's first proposition is "That when deceased settled his case by joint petition before the State Industrial Court, it was a full, final and complete settlement of the cause and precludes any further action on the matter." For the reasons hereinafter set forth we are unable to agree.

This contention is grounded on petitioners' interpretation of 85 O.S.1961, § 84, which provides, in pertinent part:

"* * * If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall have no jurisdiction over any claim for the injury or any results arising from same."

Under the above statutory provision, an injured workman, a claimant, with the approval of the Industrial Court, may settle his claim and preclude himself from recovering any additional benefits as a result of his accidental injury. After such settlement, the Industrial Court has no further jurisdiction of such claim.

Although this Court has never had occasion to rule directly on the question of whether a joint petition settlement bars an action by the claimant's dependents for death benefits under the Workmen's Compensation Law where said claimant dies as a result of the accidental injuries, petitioners

contend that the statutory language "and thereafter the Commission shall have no jurisdiction over any claim for the injury or any results arising from same" clearly requires this Court to hold that such an action for death benefits is also barred by the settlement agreement. We can not agree with this contention.

Numerous jurisdictions have considered the nature of an action by the claimant's dependents for death benefits, and have held, with one exception, that such action is separate and distinct from the deceased employee's claim for compensation and is not barred by the claimant's settlement made during his lifetime. Smith v. Kiel, 115 S.W.2d 38 (Mo.App.); Kay v. Hillside Mines, Inc., 54 Ariz. 36, 91 P.2d 867; Lewis v. Connolly Contracting Co., 196 Minn. 108, 264 N.W. 581; Burke v. Ind. Commission, 368 Ill. 554, 15 N.E.2d 305, 119 A.L.R. 1152; Brown v. Hubert, 100 N.H. 194, 122 A.2d 260; and, cases cited in annotation, 101 A.L.R. 1410. Nebraska is the only jurisdiction which we have found to have reached a different result. Welton v. Swift & Co., 125 Neb. 455, 250 N.W. 661.

In Kay v. Hillside Mines, Inc., supra, the Supreme Court of Arizona, 91 P.2d 867, p. 870, stated:

"* * * When the workman survived the accident, the compensation was due to and paid directly to him, just as the wages would have been, and his dependents had no right of recovery, for it was assumed that he would use the compensation in the same manner as he had been using his wages, for his and their support. When, however, death ensued as a result of the accident, the workman himself needed and was entitled to no further support, but his dependents were even more helpless than before, and the law awards compensation to such dependents, based again upon the wages which presumably the injured workman would have received had he survived.

"Since this is the theory back of the law, we think it is plain that there are two independent and separate rights of re-

covery, although based on the same accident; the one of the workman during his lifetime, and the other of his dependents after his death. It follows, as a corollary, that the injured workman himself cannot waive, surrender nor compromise the right which was given by the law for the benefit of his dependents. * * *"

Although many of the above cited authorities considered their particular statutory provisions allowing deductions from death benefit awards of compensation previously paid to a claimant during his lifetime as strengthening their decisions that the employees' and dependents' claims were separate and distinct actions, we are of the opinion that the lack of such a deduction provision in the Workmen's Compensation Law of this State does not require us to reach a different result.

We think it clear from the constitutional and legislative history of the death benefit provision of our Workmen's Compensation Law that the two actions are separate and distinct.

' Prior to 1950, Art. 23, § 7 of the Oklahoma Constitution prohibited any statutory limitation on the amount recoverable for injuries resulting in death. Thus, our Workmen's Compensation Law, prior to 1950, provided only for compensation to be paid to a workman for injuries he received arising out of and in the course of his employment. If the employee died of such injuries, his "representatives could maintain their action (for wrongful death pursuant to the pertinent provisions of the Code of Civil Procedure, now designated as 12 O.S. 1961 §§ 1053, 1054), but not under the Compensation Act." Roberts v. Merrill, Okl., 386 P.2d 780. In 1950, Art. 23, § 7 of the Constitution was amended to allow the Legislature to "provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law. * * *" We have held that the death benefit provisions added to the Compensation Law subsequent to the 1950 amendment were adopted as a substitute remedy for the

wrongful death statute insofar as causes of action arise from death of workers employed in hazardous occupations. Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671.

It should also be noted that the above quoted language of 85 O.S.1961, § 84 speaks of "both parties to said petition" and provides that "the Commission may make an award [on a joint petition] that shall be final as to the rights of all parties to said petition * * *." The respondent herein was not one of the parties to this petition and did not join therein. In our view, petitioners should not be heard to say that claimant is barred by an award in an action in which she did not participate and of which she had no formal notice, from now asserting her separate and distinct claim for death benefits. See Lewis v. Connolly Contracting Co., supra.

We therefore hold that a joint petition settlement by an injured workman of his claim for an accidental compensable injury does not bar an action for compensation by his widow and children, if any, or next of kin, under the death benefit provisions of the Workmen's Compensation Act where said workman dies as a result of the accidental injury.

Petitioners' second proposition urges upon us "That the medical evidence in this case is insufficient to sustain the trial court's order." We do not agree.

Dr. P testified by deposition on behalf of claimant. He testified that he had attended deceased from the time of the original injury up until his death; that deceased continued to have angina pain during this entire period of time and that in his opinion deceased "died of a coronary artery occlusion and that this terminal attack was a part of a continuing and progressively deteriorating condition which started with the original coronary attack in March of 1958."

Dr. S testified for claimant by written report. He stated in part as follows:

"* * * The continued angina of effort or angina pectoris following this and

which did not exist prior to March 27, 1958, indicates severe heart damage and coronary insufficiency related to the heart attack * * * and again followed by angina of mild effort and the progressive deterioration of the heart were based on the original coronary thrombosis followed by coronary insufficiency, from which the patient never did recover. This obviously led to his death and is obviously related to the original heart attack which is related to his lifting while at work on March 27, 1958."

Whether the death of deceased on May 30, 1963, resulted from the accidental injury of March 27, 1958, or occurred due to other causes presents a question of fact for the determination of the State Industrial Court and that court's finding on such issue is conclusive and binding upon this Court where there is any competent evidence reasonably tending to support it. Greer v. Sinclair Pipe Line Co. et al., Okl., 356 P.2d 356; Lacy v. Pratt Food Stores, Okl., 347 P.2d 788; Ware v. Wilson & Co., Okl., 322 P.2d 204; Price v. Spartan Aircraft Co., Okl., 275 P.2d 705.

We find the testimony of Drs. P and S that the death of deceased was a result of his prior injury to be competent and amply sufficient to support the lower court's finding to that effect.

In their third proposition, petitioners contend "That the claim filed by the claimant herein is barred by the statute of limitations and the Industrial Court had no jurisdiction over this cause." They say that under "85 O.S.A. 22(7) this claim was clearly barred by the statute of limitations." Again we cannot agree.

85 O.S.1961, § 22, subdiv. 7 provides in pertinent part:

"If the injury causes death within two (2) years from the date of the accident or, if the injury causes continuous disability and causes death within five (5) years from the date of the accident * * compensation shall be payable * * *."

In the case of Roberts v. Merrill, supra, with reference to the above section of the statute, we held that its terms effect such a modification of 12 O.S.1961, § 1053 (Wrongful Death Act) that it operates to substantially abridge the right of action (which is the right to effectively pursue a remedy) for injuries resulting in death; that these provisions extend beyond the limits of authority vested in the Legislature by Art. 23, Sec. 7, of the Oklahoma Constitution as amended in 1950 which provides that the right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided, however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive; that the modification so engrafted amounted to an abrogation of a right protected by the fundamental law and was therefore unconstitutional.

It is to be noted that the cause of action with which we are herein concerned arose prior to the effective date (May 24, 1965) of S.B. 254 of the Thirtieth Oklahoma Legislature, Oklahoma S.L.1965, p. 152 (85 O.S. 1965 Supp. § 22 sub-section 7) and by the terms of that enactment it does not apply here as is admitted by the parties.

The present claim was brought within one year from the date of decedent's death and was timely filed under the terms of 85 O.S.1961 § 43, and is not barred by any applicable statute of limitation.

Petitioners' fourth proposition is "That the death benefits act of the State of Oklahoma is unconstitutional and violates the Constitution of the State of Oklahoma, and the Constitution of the United States."

This contention is without substantial merit. The constitutionality of the death benefit provisions of the Workmen's Compensation Act was squarely passed upon

in the case of Capitol Steel & Iron Co. et al. v. Fuller, 206 Okl. 638, 245 P.2d 1134, and declared to be not in violation of the Constitution of the State of Oklahoma or the Constitution of the United States.

Finding the record free from errors of law and the order amply supported by the evidence, the award is sustained.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN and LAVENDER, JJ., concur.

HALLEY, C. J., and BERRY and HODGES, JJ., dissent.