**NATIONAL GYPSUM COMPANY, a corporation, and Hartford Accident & Indemnity Company, Petitioners,**

**v.**

**Vonnie M. BREWSTER and Bill Leroy Brewster and the State Industrial Court, Respondents.**

**No. 43544.**

Supreme Court of Oklahoma.

Nov. 25, 1969.

Covington, Gibbon & Poe, Tulsa, for petitioners.

Jack B. English, James Wm. Brown, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Herein reviewed is an order of the State Industrial Court, sitting en banc, affirming an award of the trial judge, allowing claimants death benefits under the provisions of the Oklahoma Workmen's Compensation Act, for the death of Bill Leroy Brewster. Parties will be referred to as they appeared before the State Industrial Court. Brewster will hereinafter be referred to as "Deceased".

On July 6, 1966, Deceased was employed by, and working for, respondent, National Gypsum Company, at a hazardous employment at its plant near Pryor, Oklahoma. He was required to enter a hatch and work in a hole in the ground where machinery was being operated and generating heat of approximately 185 degrees. He worked in the hole for about 30 or 40 minutes. Upon coming out of the hole he collapsed and fell. He was unconscious for a few minutes, and, upon recovery, he experienced shortness of breath, nausea, and pain in his chest. He was unable to continue working and was removed to his home.

He was thereafter transported by his wife to the office of Dr. B. and hospitalized immediately. Dr. B. found Deceased to have a tachycardia (heart disability) and put him on digitalis. Deceased did not respond to the medication. Dr. B. referred him to Dr. G. and Dr. O., heart specialists in Tulsa, where he was then hospitalized and treated for 9 days. He was examined and treated periodically by Drs. G. and O. until his death on October 1, 1968.

During the period between July 6, 1966, and the time of his death on October 1, 1968, Deceased suffered numerous heart attacks, some mild and some severe. In a report dated November 3, 1967, Dr. G. found the Deceased's disability to be derived "from definite myocardial damage occurring at the time of his original incident of July 6, 1966, when he became overheated working down in a pit and had his first episode of passing out immediately thereafter."

In a report made on November 20, 1968, after the Deceased's death, Dr. O. wrote:

"As stated by Mrs. Brewster, from the time that we first took over his care he had a continuing downhill course in that his episodes of Tachyarrthymia could be precipitated more easily particularly following any exertion.

"I feel certain in my own mind that Mr. Brewster's death was attributable to Coronary Arteriosclerosis with Coronary Artery Insufficiency and that his terminal episode, probably was a Ventricular Fibrillation of some other type of Cardiac Arrthymia. There is no question in my mind that the episode that he had originally was part of the illness which finally claimed his life.

"As to whether his job or what he was doing at the time was an actual cause I cannot be sure. I am sure that the work conditions that he was under at the moment, probably, was the triggering device, however, the underlying Atherosclerotic Cardio-Vascular Disease was the true cause of his disability."

Dr. R., who examined the Deceased at the request of the respondent on September 26, 1967, in his report dated December 4, 1967, stated:

"As far as the diagnosis is concerned, I believe this man in all probability does have coronary heart disease, and in his case, the principle manifestation would appear to be the paroxysmal episodes of supraventricular tachycardia. If these episodes occur with the frequency that he states they do, and if the associated symptoms are as severe as he states they are, then it would be my opinion that this is probably a disabling disease; however, I do not see how the alleged injury could play any logical role in this picture, other than that it might have operated as a precipitating factor in the initial attack. * * *"

In a report dated March 3, 1969, five months after the death of the Deceased, the same doctor stated:

"Taking into consideration my examination of Mr. Brewster as of September 26, 1967, as well as all other information which was made available to me, it is my opinion that Mr. Brewster's death occurred solely as a result of arteriosclerotic heart disease and was not related to the episode which has been described and which occurred on July 6, 1966."

The State Industrial Court entered an award in favor of the claimant for the statutory death benefits of $13,500.00, distributed on a basis of $8,900.00 to Vonnie Mae Brewster, surviving wife; $3,000.00 to Connie Sue Brewster, surviving daughter, age 12; $1,500.00 to Grenda Jane, surviving daughter, age 15; and $100.00 to Robert Leroy Brewster, surviving son, age 20.

The State Industrial Court found the death of the Deceased on October 1, 1968, to have been caused by the accidental personal injury sustained on July 6, 1966. This finding is reasonably supported by competent evidence. See Flint Construc-

tion Company v. Downum, Okl., 444 P.2d 200; City of Tulsa v. State Industrial Court, Okl., 434 P.2d 203; Ben Hur Coal Company v. Orum, Okl., 366 P.2d 919; Young v. Neely, Okl., 353 P.2d 111.

Previously, on June 10, 1967, the Deceased had filed case No. D-49740 in the State Industrial Court, wherein he sought compensation, both temporary and permanent, for the injury and disability sustained on July 6, 1966. He settled the claim on joint petition approved by the State Industrial Court on February 14, 1968, for the sum of $12,500.00. The joint petition was signed by Deceased, Bill L. Brewster, and his attorneys, James W. Brown and Jack B. English.

On the same date, February 14, 1968, Deceased, Bill L. Brewster and his wife, Mrs. Vonnie Brewster, signed a settlement agreement, witnessed by their attorneys, James Wm. Brown and Jack B. English, reading as follows:

> "This is to certify that Bill L. Brewster has this day entered into a compromise settlement of all claims involved in cause No. D-49740, now pending before the Oklahoma Industrial Court for the sum of $12,500.00. As a further consideration for said compromise settlement, Bill L. Brewster does further recognize his illness and inability to perform his work at National Gypsum Company and by his agreement, he does further hereby tender his resignation to said company as an employee of that company and he further agrees he will not again seek re-employment there. As a further consideration for said compromise settlement, both he and his wife agree no further claims of any kind will be made in the future including a possible claim for death benefits whenever that may occur, and his wife therefore joins with him in such compromise settlement because of such possibility. It is therefore recognized such settlement is a compromise of all claims that are now pending or may arise in the future by way of further illness or death which may be attributed to whatever may have occurred to Bill L. Brewster while working for National Gypsum Company and arising out of his employment with that company.
>
> "Dated this 14th day of February, 1968.
>
> > "Bill L. Brewster (signed)
> > Husband
> >
> > "Mrs. Vonnie Brewster (signed)
> > Wife
>
> WITNESS:
>
> James Wm. Brown (signed)
> Atty., 213 Pythian
> Tulsa, Oklahoma
>
> Jack B. English (signed)
> 219 Pythian Bldg.
> Tulsa, Oklahoma."

———————◆———————

Respondents contend that the joint-petition settlement and the execution of the settlement agreement by the Deceased, Bill L. Brewster, and the claimant, Mrs. Vonnie Brewster, constitutes a complete and final settlement of all claims arising from the injuries and death of the Deceased, and that claimant, Vonnie M. Brewster, as the Deceased's surviving wife, is estopped and barred from prosecuting the present action

for death benefits under the provisions of the Oklahoma Workmen's Compensation Act.

■ We have held that a joint-petition settlement by an injured workman, of his compensation claim, during his lifetime, under the provisions of 85 O.S.1961, § 84, does not bar the claim of his widow, children, or next of kin, for death benefits under the provisions of 85 O.S.1961, § 22(7), upon the death of the injured workman from injuries sustained. Haco Drilling Co. v. Hammer, Okl., 426 P.2d 689; Viersen & Cochran Drilling Company v. Ford, Okl., 425 P.2d 965, citing numerous cases.

We now consider the legal effect of the execution of the settlement agreement by the wife and widow on the problem involved. The decisive question is: Did the wife and widow, Vonnie M. Brewster, possess legal authority to execute the settlement agreement, release the claim for death benefits and waive the right of the parties to prosecute a claim for death benefits? The settlement agreement was not approved or considered by the State Industrial Court.

85 S.O.1961, § 48, reads:

"Claims for *compensation or benefits* due under this Act shall not be assigned, *released* or commuted except as provided by this Act, * * *" (emphasis ours)

85 O.S.1961, § 47, reads:

"No agreement by an employee to waive his right to compensation under this act shall be valid."

■ While we have not construed Sections 48 and 47, supra, in connection with the death benefits provision, 85 O.S.1961, § 22(7), we have construed the sections in connection with several different factual situations involving personal injury compensation claims. In each of these cases, we held that any agreement with an industrial claimant under the provisions of the Oklahoma Workmen's Compensation Act whereby he settles his claim, agrees to the extent of his disability, or waives his rights

under the provisions of the Act, is a nullity and unenforceable unless approved by the State Industrial Court. Fox v. Brown, 176 Okl. 201, 55 P.2d 129; Utility Coal Co. v. Rogez, 170 Okl. 264, 39 P.2d 60; City of Yale v. Jones, 166 Okl. 111, 26 P.2d 427; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okl. 90, 26 P.2d 420.

It is patent that the purpose of the Legislature in the enactment of Sections 48 and 47, supra, was to safeguard the rights of an injured employee under the provisions of the Oklahoma Workmen's Compensation Act. The Legislature very wisely provided that a claimant could not waive his rights under the Act, and could not release, or commute, his claim, without the approval of the State Industrial Court. This precluded the possibility of the injured employee (in his desire to secure immediate cash) settling or releasing his claim for less than he was entitled to receive under the Workmen's Compensation Act. It also lessened the possible temptation to the employer of attempting negotiation of a settlement for less than the amount the injured employee was entitled to receive for his injuries.

In 1951, the Legislature amended the Workmen's Compensation Act to include coverage for compensation benefits to the dependent widow, children, or next of kin of an injured employee dying as the result of injuries sustained while working at a hazardous employment within the provisions of the Workmen's Compensation Act. Lewis Drilling Company v. Brooks, Okl., 451 P.2d 956.

In 1951, the Legislature enacted House Bill 312 amending several provisions of the Oklahoma Workmen's Compensation Act. Session Laws of Oklahoma 1951, Chapter 2, pp. 267–270.

The Act amended 85 O.S.1961, § 11, to include, within the provisions of the Oklahoma Workmen's Compensation Act, claims arising by reason of the death of an employee sustaining fatal injuries while en-

gaged at a hazardous employment within the provisions of the Act. 85 O.S.1961, § 11. It amended 85 O.S.1961, § 12, by making the remedies provided for in Section 11 exclusive, and prohibiting the heirs of the deceased from prosecuting a common law action for the wrongful death of the deceased. 85 O.S.1961, § 12. It amended 85 O.S.1961, § 22, by adding subparagraph (7) fixing compensation for the death of an injured employee in the amount of $13,500.-00.

The 1951 Act reenacted 85 O.S.1941, § 48, with a slight amendment, not applicable to the problem involved here. The Legislature reenacted that portion of Section 48 providing that "Claims for compensation or benefits due under this Act shall not be assigned, released or commuted except as provided by this Act." 85 O.S.1961, § 48.

The conclusion is inescapable that the Legislature, by reenacting Section 48 as a part of the 1951 Act authorizing recovery for death benefits, intended for Section 48 to apply to death claims and prohibited the release or commuting of a claim for death benefits without the approval of the State Industrial Court. We so hold.

The settlement agreement signed by the claimant, Vonnie M. Brewster, widow of the Deceased, does not estop the claimant from prosecuting a claim for death benefits. To hold otherwise would emasculate the plain provisions of Sections 47 and 48, supra.

Lastly, respondents contend that they are entitled to credit on the award for all amounts paid in excess of the amount the Deceased could have earned during his lifetime. Deceased lived for 118 weeks after the date of his injury. Respondents argue that during this period of time Deceased could have earned $4,720.00, but he and claimant were paid the larger sum of $12,500.00; therefore almost $8,000.00 should be credited as payment on the death claim award of $13,500.00. Respondents cite no authorities in support of their contention. There is no merit to this contention. The right of an injured employee to recover compensation for injuries sustained under the provisions of 85 O.S.1961, § 22, as amended, is separate and distinct from the right of the widow and children to recover death benefits in the event the injuries cause the death of the injured employee. There is no overlapping of the causes of action. The settlement of the claim of the injured employee during his lifetime does not bar the prosecution of the claim of the widow and children after death. Viersen & Cochran Drilling Company v. Ford, supra. Respondents are not entitled to receive credit, on an award entered for death benefits, for any portion of the amount paid to the injured employee during his lifetime in settlement of his claim for compensation by joint-petition settlement.

The record is free from errors of law. The award of the State Industrial Court is amply supported by the evidence and is in accord with the law.

Award sustained.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.