**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHARLES RAYMOND
SOUTHERLAND,

Plaintiff-Appellant,

v.

GRANITE STATE INSURANCE
COMPANY, a Pennsylvania
Corporation; AIG CLAIM SERVICES
INC., a Delaware Corporation; f/k/a
American International Adjustment
Company Inc.,

Defendants-Appellees.

No. 99-7119
(D.C. No. 99-CV-421-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **HOLLOWAY** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Southerland was injured on the job in 1984. His employer's insurance carrier initially paid temporary total disability payments, and thereafter it paid permanent total disability payments for twelve years. Mr. Southerland did not file a workers compensation claim, and the workers compensation court was not involved in the agreement with the insurance company or the resulting payments. After fifteen years, defendants stopped making disability payments, and Mr. Southerland brought this action alleging bad faith, breach of contract, and intentional infliction of emotional distress. The district court dismissed the action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We review *de novo* the dismissal for failure to state a claim. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because we disagree with the validity of the basis on which the district court rejected the bad faith claim, we affirm in part and reverse and remand in part.

Bad Faith

The district court held that Mr. Southerland failed to state a claim for bad faith against the insurer because he had never received a workers compensation award. Under Oklahoma law, there can be no bad faith claim for pre-award conduct by an insurer: "tort liability of a worker's compensation insurer arises

only after there has been an award against the employer." *Anderson v. United States Fid. & Guar. Co.*, 948 P.2d 1216, 1217 (Okla. 1997) (quotation omitted). Although this is undoubtedly the law in Oklahoma, plaintiff claims that, under the circumstances of this case, defendants should be equitably estopped from asserting the absence of a workers compensation award as a bar to the bad faith action. He argues that the insurance company had a statutory obligation, under the workers compensation laws, to record with the workers compensation court the agreement pursuant to which defendant was making permanent disability payments. *See* Okla. Stat. tit. 85, § 26(B). Plaintiff maintains that, had the insurance company recorded the agreement, that would have triggered the workers compensation court's involvement. It follows that the workers compensation court would have then approved the agreement, and the memorandum of the agreement would have become a substitute for an original claim. *Apple v. State Ins. Fund*, 540 P.2d 545, 547 (Okla. 1975). As a result, the memorandum of the agreement would have been binding on the parties and the basis for an award. *See id. at 548*; *Patrick & Tillman v. Matkin*, 7 P.2d 414, 415 (Okla. 1932). Thus, plaintiff argues that defendants should not be allowed to benefit from their failure to fulfill their statutory obligation to file the agreement by asserting the lack of an award to bar a bad faith action against them. Therefore, defendants should be

equitably estopped from asserting the lack of an award as a bar to plaintiff's bad faith claim.

Under Oklahoma law, deciding whether to apply the principle of equitable estoppel is a mixed question of law and fact. *Oxley v. General Atlantic Res., Inc.*, 936 P.2d 943, 946 (Okla. 1997).

> Equitable estoppel is generally understood to prevent one party from taking a position which is inconsistent with an earlier action that places the other party at a disadvantage. Equitable estoppel holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who has in good faith, relie[d] upon the representation or position.

*Id.* at 947. Equitable estoppel results from

> the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might have otherwise existed as against a person who, in good faith, relied on such conduct and has been thereby led to change his position to his detriment, and who has acquired some corresponding right.

*First State Bank v. Diamond Plastics Corp.*, 891 P.2d 1262, 1272 (Okla. 1995) (quotation omitted).

The district court responded to plaintiff's equitable estoppel argument in two ways. First, it held that equitable estoppel was not warranted because plaintiff did not fulfill his responsibility to pursue his claim by filing a workers compensation claim. It also held that equitable estoppel was not available to plaintiff because no inequitable consequence would result if the doctrine were not applied: he could still file a workers compensation claim and receive an award.

-4-

Neither of these reasons, however, provide a legal or factual basis to prohibit application of equitable principles to estop defendants from asserting the absence of a workers compensation award as a bar to plaintiff's bad faith claim in this case.

First, Oklahoma law is clear that any number of events might bring a matter before the workers compensation court, including, but certainly not limited to, an employee filing a claim. *See Apple*, 540 P.2d at 547 ("Anything filed with [the] State Industrial Court which challenges the court's attention and causes it to act puts into motion the process to secure compensation.").[1] Consequently, we find no basis in Oklahoma law for the district court's holding that plaintiff is not entitled to the benefit of equitable estoppel principles simply because he did not file a workers compensation claim.

The second basis for the district court's refusal to apply equitable estoppel also misses the mark. It held that equitable estoppel was inapplicable because

---

[1] The Oklahoma case cited by the district court for the proposition that it is the injured worker's responsibility to pursue a claim for injuries is not dispositive of this issue. That case involved a situation where an injured worker attempted to file a claim beyond the statutory limitation period. In holding that the limitation period barred the claim, the court stated that the burden was on the claimant to diligently file and prosecute his claim for compensation. *Kistler v. Broce Constr. Co.*, 405 P.2d 1004, 1008 (Okla. 1965). The case did not involve a situation where, as here, the reason the plaintiff had not filed a claim was because the insurer agreed to pay disability, but the insurer did not record that agreement with the workers compensation court. That case has no bearing on the equitable estoppel question presented here.

-5-

plaintiff has suffered no inequitable consequence, given that he can still file a workers compensation claim. Although it is true that plaintiff can still file a claim (which he apparently did after this action was initiated) and receive an award, Oklahoma law is clear that he will not be permitted to bring a bad faith action for *pre-award* conduct. It is not the loss of the right to bring a workers compensation claim that is the inequitable consequence here, but the loss of the right to bring a bad faith action, if one exists, against defendants for their conduct in stopping plaintiff's permanent total disability payments after twelve years. Unless defendants are estopped from asserting the absence of an award as a bar to this bad faith action, plaintiff will be unable to seek redress for defendants' allegedly tortious conduct, because that conduct occurred *before* he received a workers compensation award. *See Anderson*, 948 P.2d at 1217; *Whitson v. Okla. Farmers Union Mut. Ins. Co.*, 889 P.2d 285, 287-88 (Okla. 1995); *Goodwin v. Old Republic Ins. Co.*, 828 P.2d 431, 434 (Okla. 1992).

In sum, neither of the reasons relied on by the district court constitute a legal or factual basis to preclude application of equitable principles to estop defendants from asserting the lack of a workers compensation award as a bar to plaintiff's bad faith action, and we hold that the district court's holding to the contrary was error. We specifically do not hold, however, that Mr. Southerland has stated a claim for bad faith. The district court relied on only one basis for its

-6-

holding that Mr. Southerland failed to state a claim–the fact that the conduct of which Mr. Southerland complained occurred *before* any workers compensation award, and the principle of equitable estoppel did not apply to excuse the absence of an award. With respect to the bad faith claim, we hold only that the district court improperly declined to apply equitable estoppel to excuse the absence of an award under these circumstances: we express no opinion as to whether the complaint states or fails to state a claim for bad faith on any other basis.

Indeed, even if the complaint sufficiently states the elements of a bad faith claim under Oklahoma law, the Oklahoma Supreme Court has not unequivocally recognized the validity of a tort claim against a workers compensation insurer for bad faith post-award conduct. *Fehring v. State Ins. Fund*, No. 92828, 2001 WL 99003, at *6 (Okla. Feb. 6, 2001).[2] Consequently, even if the district court finds on remand that the complaint sufficiently states the elements of a bad faith claim, it will ultimately need to address the question of whether such a claim is recognized under Oklahoma law.

---

[2]    The *Fehring* court recognized that *Whitson* contains a statement that an injured worker has a cause of action for bad faith against his employer's insurance carrier if the insurer does not pay the award in a timely manner. *Fehring*, 2001 WL 99003 at *6 n.20. *Fehring* qualifies the *Whitson* statement by noting that *Goodwin*, the case that *Whitson* relied on for that statement, only *assumes* that a workers compensation insurer may be subjected to bad faith tort liability. *Id.* (citing *Goodwin*, 828 P.2d at 431-32, 435-36).

## Intentional Infliction of Emotional Distress

Given our conclusion that defendants should be equitably estopped from asserting the absence of a workers compensation award as a bar to the bad faith claim, we remand Mr. Southerland's claim of intentional infliction of emotional distress for reconsideration. If the district court finds that Oklahoma law allows for a bad faith claim under the circumstances of this case, and if the court finds that the complaint does indeed state such a claim, it may also find that the complaint states a claim for the intentional tort of infliction of emotional distress. If, on the other hand, the complaint fails to state a bad faith claim, it will also fall short of stating a claim for intentional infliction of emotional distress. *See Goodwin*, 828 P.2d at 432 n.1.

## Breach of Contract

We agree with the district court that the complaint fails to state a claim for breach of an alleged contract, pursuant to which defendants agreed to pay Mr. Southerland permanent total disability payments. In Oklahoma, "the Workers' Compensation Court . . . is vested with exclusive jurisdiction to determine and enforce a compensation risk carrier's liability to a claimant." *Fehring*, 2001 WL 99003, at *7. Because we affirm the district court's ruling on this issue on the basis that the workers compensation statutes provide the

exclusive remedy for this type of claim, we specifically do not address the court's

holding that the contract is a nullity and unenforceable.[3]

## Conclusion

Because Oklahoma law states that the workers compensation court has

exclusive jurisdiction to determine and enforce a compensation risk carrier's

liability to a claimant, we AFFIRM the dismissal of the breach of contract claim.

Further, we hold that the district court erred in refusing to apply equitable

estoppel to prohibit defendants from asserting the lack of a workers compensation

award as a bar to the bad faith claim. As a result, we REVERSE the district

court's holding that Mr. Southerland failed to state a claim for the tort of bad

faith because defendants' conduct preceded a workers compensation award. In

light of our reversal of the dismissal of the bad faith claim, we also REVERSE

the dismissal of the claim for intentional infliction of emotional distress.

Expressing no opinion as to whether the complaint states a claim for bad faith in

---

[3]     We note, however, that *National Gypsum Co. v. Brewster*, 461 P.2d 593 (Okla. 1969), the case relied on by the district court in finding this agreement unenforceable, appears to be distinguishable in several respects. Most notably, the claimant in that case agreed to release or commute her rights, an act that the workers compensation statutes specifically prohibit. *Id.* at 596-97.

any other regard, we REMAND for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge