2010 OK CIV APP 125

**SHAWVER & SONS, INC. and Commerce & Industry Insurance, Petitioners,**

v.

**Jenifer WISE, Corey Wise (deceased), Travelers Insurance Co., and the Workers' Compensation Court, Respondents.**

No. 107,968.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 16, 2010.

Certiorari Denied Oct. 25, 2010.

Robert E. Applegate, Michael W. McGivern, Perrine, McGivern, Redemann, Reid, Berry & Taylor, P.L.L.C., Tulsa, OK, for Petitioners.

Paul A. Scott, Oklahoma City, OK, for Respondent, Travelers Insurance Co.

DEBORAH B. BARNES, Judge.

¶ 1 Shawver & Sons, Inc. (Employer) and Commerce & Industry Insurance (C & I) (collectively, Petitioners) seek review of an order of a three-judge panel of the Workers' Compensation Court filed on January 6, 2010, affirming the trial court's order dismissing Travelers Insurance Co. (Travelers). This case involves a claim by Jenifer Wise (Wife) on behalf of her deceased husband, Cory Wise (Deceased),[1] for death benefits. The primary issue presented on appeal is whether Employer's insurer at the time of Deceased's on-the-job injury, C & I, or Employer's insurer at the time of Deceased's death, Travelers, should be liable for any death benefits that may be due.

¶ 2 We also address whether the trial court's order constitutes an appealable order. The trial court's order, filed on September 8, 2009, dismissed Travelers without prejudice, and found C & I "liable for any benefits that may be due in the claim for death benefits," reasoning that "[t]he death claim is derivative in nature to the original on the job accident and the carrier with coverage on that day is liable." The order of the three-judge panel affirmed the trial court's order. The order of the three-judge panel stated, in addition, that the trial court's order "IS NOT AN APPEALABLE ORDER[ ] BECAUSE IT DOES NOT AWARD OR DENY BENEFITS."

¶ 3 Based on our review of the record and applicable law, we vacate the order of the three-judge panel insofar as it held that the trial court's order is not appealable. We

sustain the order of the three-judge panel in all other respects and remand this case to the trial court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 4 In 2005, Deceased filed a workers' compensation claim against Petitioners alleging that he sustained injuries while working for Employer. On April 13, 2006, this claim was settled by joint petition.

¶ 5 Wife now seeks death benefits from Employer for Deceased's death. On December 16, 2008, Wife filed a Form 3–A, entitled "Claimant's First Notice of Death and Claim for Compensation."[2] Wife claims that Deceased died on November 21, 2008, as a result of a cardiac arrest. According to Wife's responses in the Form 3–A, Deceased suffered from "[p]ain due to [his] injury," and the cardiac arrest was caused by "[p]ain medications due to [his] injury[.]"

¶ 6 Petitioners deny coverage. Moreover, on February 18, 2009, Petitioners filed a Form 13 to join Travelers, stating that Travelers is "the correct carrier for the date of the death claim."[3]

¶ 7 The trial court dismissed Travelers "without prejudice" from Wife's claim for death benefits, and found C & I liable for any death benefits that may be owed to Wife. On appeal, the three-judge panel affirmed in an order filed on January 6, 2010; however, the three-judge panel's order further states that the trial court's order is not an appealable order because it does not award or deny benefits. From this order, Petitioners appeal.

## STANDARD OF REVIEW

¶ 8 The two issues presented on this appeal—(1) whether the trial court's order is appealable, and (2) whether Employer's insurer at the time of Deceased's on-the-job injury, or Employer's insurer at the time of Deceased's death, should be liable for any

---

1. Although in the Oklahoma Supreme Court's record Deceased's name is spelled "Corey Wise," we refer to him with the spelling found on the Form 3–A filed by Wife.

2. Record (R.), p. 3.

3. R., p. 6.

death benefits that may be due—are issues of law. When confronted with issues of law, this Court exercises *de novo* review. *American Airlines v. Hervey*, 2001 OK 74, ¶ 11, 33 P.3d 47, 50. Pursuant to this standard, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its legal rulings. *Id.*

## ANALYSIS

### I. Appealable Order

¶ 9 Title 85 O.S. Supp.2005 § 26(B) provides in pertinent part:

The [Workers' Compensation] Court ... shall make or deny an award determining such claim for compensation ... together with the statement of its conclusion of fact and rulings of law.... The decision of the [Workers' Compensation] Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law.

Pursuant to this language, "[a]n order [of the Workers' Compensation Court] that is reviewable must be one which either *grants or denies an award of compensation or otherwise constitutes a final determination of the rights between the parties.*" *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 21, 16 P.3d 1120, 1127 (footnote omitted).

¶ 10 In *American Investigative & Security v. Hamilton*, 1998 OK 134, 969 P.2d 975, the order of the Workers' Compensation Court declared that the employer's insurer "did not, at the critical time in question, provide insurance coverage for the employer's liability," and, therefore, the Workers' Compensation Court dismissed the insurer from the case. *Id.* On appeal, and pursuant to a *sua sponte* inquiry into its jurisdiction, the Oklahoma Supreme Court concluded that this was an appealable order because "[it] is the functional equivalent of a disposition that denies the insurer's liability for an award." *Id.*

¶ 11 Here, the trial court's order dismissed Travelers because it found, in essence, that Travelers did not, at the critical time in question,[4] provide insurance coverage. We find that, pursuant to *American Investigative & Security v. Hamilton,* the trial court's order is the "functional equivalent" of a disposition that denies Travelers' liability for an award and, therefore, the order is appealable.

### II. Insurer at the Time of the On–the–Job Injury is Liable for Death Benefits

¶ 12 Petitioners argue that the trial court erred in dismissing Travelers and finding that C & I, Employer's insurer at the time of Deceased's on-the-job injury, is liable for any death benefits that may be due. They argue, in other words, that the trial court erred in finding that Wife's death claim is "derivative in nature to the original on the job accident and the carrier with coverage on that day[, C & I,] is liable." They argue that Travelers, Employer's insurer at the time of Deceased's death, should be held liable because Wife's claim "is a new claim" that did "not vest until ... the date of [Deceased's] death."[5]

¶ 13 In support of their argument, Petitioners cite to *Viersen & Cochran Drilling Co. v. Ford,* 1967 OK 12, 425 P.2d 965, where it is stated:

We think it clear from the constitutional and legislative history of the death benefit provision of our Workmen's Compensation Law that the two actions[, one for on-the-job injuries and the other for death benefits,] *are separate and distinct.*

*Id.* at ¶ 12 (emphasis added). The Court in *Viersen & Cochran Drilling Co.* was confronted with the issue of whether an employee's joint petition settlement with his employer of a claim for compensation for an on-the-job injury bars an action by the employee's dependents for death benefits. The Court determined that an action by the employee's dependents for death benefits is separate and distinct from the deceased employee's claim for compensation and, therefore, is not

---

4. This Court's determination regarding the "critical time in question"—i.e., whether Employer's insurer *at the time of Deceased's on-the-job injury,* C & I, or Employer's insurer *at the time of Deceased's death,* Travelers, should be liable for any death benefits that may be due—is set forth below.

5. Petitioners' Brief-in-chief, p. 2.

barred by the employee's settlement made during his lifetime. However, in finding "that the[se] are two independent and separate rights of recovery," the Court stated that these separate actions are nevertheless "based on the same accident...." *Id.* at ¶ 10 (quoting *Kay v. Hillside Mines, Inc.,* 54 Ariz. 36, 91 P.2d 867, 870 (1939)).

¶ 14 Petitioners also cite to *Lekan v. P & L Fire Protection Co.,* 1980 OK 56, 609 P.2d 1289, where it is stated:

> The claim for benefits and the correlative duty to pay them are governed by the provisions of the law in effect when injury or death occurs. It is at this point in time that the right becomes vested and the obligation is fixed. The compensation rate to be applied in each case is that which was prescribed by statute for the period during which the compensable event—injury or death—takes place.

*Id.* at ¶ 4 (footnotes omitted). Thus, "[b]enefits for an injury shall be determined by the law in effect at the time of injury; benefits for death shall be determined by the law in effect at the time of death." 85 O.S.2001 § 3.6(F). We note that this is consistent with the determination by the Oklahoma Supreme Court in *Viersen & Cochran Drilling Co.* that an action by a deceased employee's dependents for death benefits is "separate and distinct" from the employee's prior action for on-the-job injury compensation. In fact, not only is a claim for death benefits separate and distinct from the prior claim, but, of course, it does not even arise until the employee's death.

■ ¶ 15 That a death benefits claim is governed by the law at the time of death is also consistent with the intention of workers' compensation law to compensate employees for their lost earning power. *Matter of Death of Knight,* 1994 OK 74, ¶ 7, 877 P.2d

602, 604. If an employee had not died as a result of an on-the-job injury, that employee would still be earning wages *at the most recent rate.* An employee's dependents should, therefore, be compensated accordingly.

■ ¶ 16 Pursuant to the law set forth above, we agree with Petitioners that (1) a claim for death benefits by an employee's dependents is not barred by the settlement by joint petition of the deceased employee's prior claim for injury compensation because the death benefits claim is considered to be "separate and distinct," and (2) a claim for death benefits and the amount owed on a successful claim are governed by the provisions of the law in effect when the death occurs. However, we disagree with Petitioners that these rules dictate that an employer's insurer at the time of an employee's death should be liable for death benefits rather than the employer's insurer at the time of the deceased employee's on-the-job injury. Such a result would undermine the basis for death benefits compensation, and it would contravene the legislative intent expressed in 85 O.S. Supp.2006 §§ 11(B) and 64.[6]

■ ¶ 17 Regarding the standard analysis for a single event, on-the-job injury, the Court in *Viersen & Cochran Drilling Co.,* 1967 OK 12, 425 P.2d 965, quoted above, stated that a "separate and distinct" claim for death benefits, like the original claim for on-the-job injury compensation, is still "based on the same accident...." *Id.* at ¶ 10 (quoting *Kay v. Hillside Mines, Inc.,* 54 Ariz. 36, 91 P.2d 867, 870 (1939)). That is, an employer's actions with regard to, and its relationship with, its former employee at the time of that employee's death are irrelevant in a claim for death benefits. Instead, courts focus on the work-related incident and must

6. Regarding statutory interpretation, the Oklahoma Supreme Court recently stated:

> The fundamental rule of statutory construction is to ascertain and give effect to legislative intent. That intent is first divined from the language of a statute. If a statute is plain and unambiguous, it will not be subjected to judicial construction but will receive the interpretation and effect its language dictates. Only where the intent cannot be ascertained from a

statute's text, as when ambiguity or conflict with other statutes is shown to exist, may rules of statutory construction be invoked. When possible, different provisions must be construed together to effect a harmonious whole and give intelligent effect to each. An absurd result cannot be presumed to have been intended by the drafters.

*Rogers v. Quiktrip Corp.,* 2010 OK 3, ¶ 11, 230 P.3d 853, 859 (footnotes omitted).

determine "[i]f the [on-the-job] injury ... cause[d] death...." 85 O.S. Supp.2005[7] § 22(8). Title 85 O.S. Supp.2006 § 11 provides in pertinent part:

A. Every employer subject to the provisions of the Workers' Compensation Act shall pay ... compensation according to the schedules of the Workers' Compensation Act for the ... death of an employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury....

That is, death benefits are only claimable when the former employee's death "result[s]" from an on-the-job injury. *Id.* Therefore, regarding the employer and the employer's insurer in a death benefits claim, the critical time is the date of the on-the-job injury, and the critical issue is whether that injury caused the subsequent death. To hold a later insurer, such as Travelers, liable for the results (including death) of an on-the-job injury that occurred during the policy period of a predecessor insurer would undermine the basis for death benefits compensation.

¶ 18 In finding that Employer's insurer at the time of Deceased's on-the-job injury is liable for death benefits that may be due, we find strong support in 85 O.S. Supp.2006 § 11(B). Section 11(B) provides in pertinent part:

4. Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease *and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor,* without right to contribution from any prior employer or insurance carrier....

(Emphasis added.) Section 11(B) further provides, in pertinent part:

5. Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employ-ment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, *and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor,* without right to contribution from any prior employer or insurance carrier....

(Emphasis added.) These statutory excerpts address situations in which an employee's injury has occurred over time rather than during a single, work-related event. Nevertheless, they set forth the intent of the Legislature to limit liability to the employer's insurance carrier that was "on the risk when the employee was last ... exposed...." Although Deceased was injured during a single event accident rather than over time, we find that holding liable Employer's insurer at the time of Deceased's death, rather than Employer's insurer at the time of Deceased's on-the-job injury, would contravene the legislative intent expressed in § 11(B) to hold liable the last insurance carrier "on the risk" during the time of the on-the-job injury.

¶ 19 Finally, we also find strong support in 85 O.S. Supp.2006 § 64, which provides in pertinent part:

A. Every policy of insurance covering the liability of the employer for compensation ... shall contain a provision setting forth the right of the Administrator to enforce in the name of the state, for the benefit of the person entitled to the compensation insured by the policy either by filing a separate application or by making the insurance carrier a party to the original application, the liability of the insurance carrier in whole or in part for the payment of such compensation....

B. Every such policy shall contain a provision that, as between the employee and the insurance carrier, *the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be on the part of the insurance carrier, that jurisdiction of the employer shall,*

---

7. As pointed out by Petitioners as part of their argument, Wife's claim for death benefits is governed by the provisions of the law in effect when Deceased's death occurred on November 21, 2008. However, as stated above, this does not answer the question of which insurance provider (the provider at the time of the injury or at the time of death) should be liable for death benefits.

*for the purpose incorporated in this title, be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation under the provisions incorporated in this title.*

(Emphasis added.) That is, notice of the occurrence of an on-the-job injury binds the insurance carrier on the risk at the time of the injury to subsequent orders, findings, decisions or awards rendered against the employer for that injury. Pursuant to this language, we find that the Legislature intended that an employer's insurer on the risk at the time of an employee's on-the-job injury be liable for a potential award of death benefits that may be ordered following that employee's resultant death.

## CONCLUSION

¶ 20 The trial court did not err by dismissing Travelers from this case and finding C & I liable for any death benefits that may be due. Travelers should not be held liable for the potential results of an incident, Deceased's on-the-job injury, that occurred during the policy period of the predecessor insurer, C & I. Such a result would undermine the basis for death benefits compensation, and it would contravene the legislative intent expressed in 85 O.S. Supp.2006 §§ 11(B) and 64.

¶ 21 For these reasons, we vacate the order of the three-judge panel insofar as it held that the order is not appealable. We sustain the order of the three-judge panel in all other respects and remand this case to the trial court for further proceedings. We express no view upon the merits of Wife's claim for death benefits.

¶ 22 **SUSTAINED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, C.J., and FISCHER, P.J., concur.