1998 OK CIV APP 49

**Elnore K. YOUNG, Appellant,**

v.

**Foy RIMER, individually, and Foy Rimer d/b/a Rimer Co., and Hahn Trucking Lines, Appellees.**

**No. 89366.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 30, 1997.

Rehearing Denied Jan. 27, 1998.

Certiorari Denied April 7, 1998.

912

William L. Hickman, Hickman & Hickman, Tulsa, for Appellant.

Marc L. Bovos, Hamilton, Warren & Bovos, Poteau, for Appellees.

REIF, Judge.

¶1 This appeal is brought by an injured employee who sought to enforce her unpaid award of workers' compensation benefits by garnishing workers' compensation benefits being paid to her uninsured employer. Garnishing-employee contended that workers' compensation benefits being paid to her uninsured employer had exceeded the $50,000 limit set forth in 31 O.S.1991 § 1(A)(21), and were no longer exempt "from levy, execution, attachment or other remedy for recovery or collection of a debt" under 85 O.S.Supp.1997 § 48. The trial court disagreed and granted

"the [§ 48] claim for exemption from garnishment filed in behalf of the defendant" by the garnishee Hahn Trucking Lines. The question we must answer on appeal is the effect of 31 O.S.1991 § 1(A)(21) on 85 O.S.Supp.1997 § 48.

¶2 The first step in this inquiry is to examine the language in each statute. Title 31 O.S.1991 § 1(A)(21) provides that "the following property shall be reserved to every person residing in the state, exempt from attachment or execution ... for the payment of debts, ... [s]uch person's *interest in a claim for ... workers' compensation ...* for a net amount not in excess of Fifty Thousand Dollars ($50,000.00)." (Emphasis added). Title 85 O.S.Supp.1997 § 48 provides that "[c]laims for compensation or benefits due under the Workers' Compensation Act shall not be assigned ... and shall be exempt from *all* claims of creditors and from levy, execution or attachment or other remedy for recovery or collection of a debt." (Emphasis added). Section 48 further provides that *"[c]ompensation and benefits shall be paid only to employees."* (Emphasis added.) Section 48 also addresses the payment of compensation and benefits to *persons other than employees* in limited, specified cases.

¶3 In construing these statutes to promote their respective purposes and to reconcile their operation, we conclude that *compensation being paid to employees* is protected from *all* claims of creditors and all means of enforcement of such claims. In contrast, *compensation paid to persons other than the employee* under § 48, fall under the exemption protection extended by 31 O.S. 1991 § 1(A)(21), because such persons are granted only "an interest in a claim for ... workers' compensation."

¶4 In reaching this conclusion, we are mindful that the courts have recognized "public policy" exceptions to the exemption protection of compensation or benefits paid to an employee. The case of *Commons v. Bragg,* 183 Okla. 122, 80 P.2d 287 (1938) (Syllabus 1), held that "the proceeds of [a workers' compensation] award are not exempt from [a spouse's] claim for alimony and support money for ... minor child[ren] in a divorce action under ... 85 Okla.St.Ann. § 48, since [the spouse] is not a creditor nor [such] claim for alimony and support money

for the minor child[ren] a debt within the purview of said statute." The court observed that "an order for the payment of alimony possesses different characteristics from an ordinary debt since it is designed to secure the performance of a legal duty in which the public has an interest." *Id.* 80 P.2d at 290 (citation omitted).

¶5 A workers' compensation award shares the attribute of a domestic relations support award in that it "secure[s] the performance of a legal duty in which the public has an interest." However, the statute that governs its enforcement expressly provides that "a certified copy of the award ... shall be entered on the judgment docket of the district court, and shall have the same force and *be subject to the same law as judgments of the district court.*" 85 O.S.Supp.1997 § 42. (Emphasis added). The supreme court construed § 42 and § 49 (authorizing a lien for unpaid compensation) in *Pauline Oil & Gas Co. v. Fischer,* 191 Okla. 346, 130 P.2d 305 (1941). The court's holding is stated in its first syllabus:

> When [a workers' compensation] award in favor of an injured workman remains unpaid, and a lien is claimed pursuant to ... § 49, and to enforce payment the award is entered on the judgment docket of the district court pursuant to ... § 42, the award then "shall have the same force and be subject to the same law as judgments of the district court," and thereby *a lien, equivalent to a judgment lien, is impressed* upon all of the property of the judgment debtor which would be subject to the lien of an original district court judgment, *but property of the judgment debtor which would not be subject to judgment lien upon an original district court judgment is not affected by such filing and entering of record of such award.*

The same rationale would apply to executions or other means to collect a judgment.

¶6 The recipient of a workers' compensation award that has been entered on the judgment docket is treated like any other judgment creditor. An overwhelming majority of courts hold that statutory exemptions of workers' compensation claims and benefits apply to claims of judgment creditors. C.B. Higgins, Annotation, *Construction and Effect of Statutory Exemptions of Proceeds of Workmen's Compensation Awards,* 31 A.L.R.3d 532 (1970).

¶7 Lastly, the subject of exempting workers' compensation benefits *paid to employees* is addressed entirely within the opening paragraph of § 48. The only express exception to that exemption contained in the opening paragraph is for "the enforcement of any valid lien for child support or valid income assignment for child support." If the legislature had intended there to be other exceptions to the exemption protection of compensation and benefits *paid to employees,* we believe that the legislature would have expressly provided them as it did with liens and income assignments for child support.

¶8 The trial court properly concluded that the workers' compensation benefits being paid by garnishee Hahn Trucking Lines to Foy Rimer were exempt from garnishment by Rimer's employee Lenore Young to collect an unpaid award of workers' compensation benefits that Rimer owed Young. The trial court's order granting the exemption from garnishment is AFFIRMED.

¶9 TAYLOR, V.C.J., and GOODMAN, P.J., concur.