**William A. STRONG; Carolyn E. Strong, Plaintiffs–Appellees,**

v.

**Donald D. LAUBAUCH, Defendant,**

**and**

**Southwestern Bell Telephone Company, Garnishee–Appellant.**

**William A. Strong; Carolyn E. Strong, Plaintiffs–Appellees,**

v.

**Donald D. Laubauch, Defendant– Appellant,**

**and**

**Southwestern Bell Telephone Company, Garnishee–Appellee.**

Nos. 01–6377, 01–6409.

United States Court of Appeals, Tenth Circuit.

April 22, 2003.

Richard E. Hornbeek, Hornbeek, Krahl, Vitali & Braun, P.L.L.C., Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company.

Mary C. Coulson, Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company.

Robert L. Wyatt, IV, Wyatt Law Office, Oklahoma City, Oklahoma, for Donald D. Laubauch.

Kelley L. Cornelius, Kelley L. Cornelius, P.C., Oklahoma City, Oklahoma, for William A. Strong, II and Carolyn E. Strong.

Jon W. Laasch, Jacobson & Laasch, Edmond, Oklahoma, for Donald D. Laubauch.

## CERTIFICATION OF STATE LAW QUESTION

The United States Court of Appeals for the Tenth Circuit, on its own motion pursuant to 10th Cir. R. 27.1 and Okla. Stat. tit. 20, §§ 1601–11, hereby certifies to the Oklahoma Supreme Court the following unsettled question of state law which may determine the outcome in the above-captioned actions:

Whether workers' compensation proceeds paid to an injured worker are entirely exempt from garnishment, as provided in Okla. Stat. tit. 85, § 48, or whether the exemption is limited to fifty thousand dollars ($50,000.00), as provided in Okla. Stat. tit. 31, § 1(A)(21).

Pursuant to Okla. Stat. tit. 20, §§ 1602.1 and 1604(A)(3), the Oklahoma Supreme Court may reformulate this question of law. A summary of the pertinent facts is set out below. *See id.* § 1604(A)(2).

## I.

We have consolidated these cases for purposes of disposition. In case No. 01–6377, Southwestern Bell Telephone Company (SBTC), as garnishee, appeals from a judgment holding it liable to the garnishors, William A. Strong and Carolyn E. Strong (Strongs), for funds SBTC paid to the judgment debtor, Donald D. Laubauch. In case No. 01–6409, Mr. Laubauch appeals from a judgment in favor of the Strongs, limiting the exemption on workers' compensation proceeds he received to $50,000.

While an employee of SBTC, Mr. Laubauch was injured in two separate accidents. He filed workers' compensation claims against SBTC that were settled in three stages. Mr. Laubauch received the sum of $368.90 every two weeks from March 4, 1998 through August 5, 1998. He then entered into a settlement which provided in part for a lump sum payment to him in the amount of $221,374.00. Finally, Liberty Mutual Insurance Company issued an annuity on behalf of Mr. Laubauch in the amount of $40,774.00, which was to pay Mr. Laubauch the sum of $425.00 per month for a period of ten years.

In 1994, the Strongs obtained a default judgment against Laubauch in the United States District Court for the Eastern District of Missouri, in the amount of $484,432.29. In 1995, they filed this judgment in the Western District of Oklahoma. Since 1998, the Strongs have attempted to garnish the workers' compensation benefits awarded to Mr. Laubauch.

The Strongs filed a garnishment targeting Mr. Laubauch's bank account (the "November 1998" garnishment). Mr. Lau-

bauch responded to the bank account garnishment by claiming exemptions for social security benefits and workers' compensation proceeds. On January 6, 1999, a magistrate judge assigned to the case entered an report and recommendation granting Mr. Laubauch's claim for exemption, to the extent that the garnisheed proceeds represented social security benefits. The magistrate judge also concluded, however, that Mr. Laubauch's exemption for workers' compensation benefits was limited to $50,000.

Mr. Laubauch filed an objection to the magistrate judge's report and recommendation, contending that he was entitled to an unlimited exemption. On August 21, 2000, the district court entered an order rejecting the objection.

In the meantime, on or about March 5, 1998, the Strongs had issued a continuing garnishment summons against SBTC (the "March 1998 garnishment"), seeking to intercept workers' compensation proceeds it held on Mr. Laubauch's behalf. This garnishment summons was served on SBTC's Missouri agent for service of process, by certified mail, return receipt requested, restricted delivery. SBTC responded with a letter to the Strongs' counsel objecting to the service of the summons in Missouri. SBTC's letter also contended that any workers' compensation proceeds paid to Mr. Laubauch were entirely exempt from garnishment pursuant to Okla. Stat. tit. 85, § 48. SBTC did not file an answer to the garnishment and took no immediate court action to quash the garnishment.

On January 15, 1999, the Strongs filed a motion with the district court requesting that a judgment be issued against SBTC for the entire amount of the underlying principal judgment, plus interest, costs and attorney's fees, due to SBTC's failure to answer the March 1998 garnishment. The district court entered an order on January 21, 1999, requiring SBTC to answer the garnishment summons, to render an accounting of all compensation paid to Mr. Laubauch during the effective date of the garnishment, and to show cause for its failure to pay sums sought in the garnishment.

On August 23, 2000, the district court issued an order finding that the Strongs had effected sufficient service of the March 1998 garnishment summons on SBTC. On January 25, 2001, after an evidentiary hearing, the district court entered an order finding SBTC liable for the amount of funds paid to Mr. Laubauch during the 180–day period the garnishment was in effect. The court found, however, that this amount should be offset by Mr. Laubauch's $50,000 exemption for workers' compensation proceeds. Finally, it determined there was only one $50,000 exemption available, and it had been exhausted in the March 1998 garnishment proceeding.

Mr. Laubauch filed a motion for a new trial and/or to alter or amend the judgment. He contended that the exemption should have been unlimited under Okla. Stat. tit. 85, § 48. In support of his argument, Mr. Laubauch cited an Oklahoma Court of Civil Appeals decision, *Young v. Rimer*, 964 P.2d 911, 912 (Okla.Ct.App. 1997), for the proposition that workers' compensation funds paid *to the employee* are subject to an unlimited exemption, while those paid to others who have an interest in the proceeds are limited to the $50,000 exemption.

On October 18, 2001, the district court entered an order denying Mr. Laubauch's motion. Both Laubauch and SBTC have appealed from the district court's determination that the exemption is limited to

$50,000.[1]

## II.

■ Before turning to the certified question, we must address a threshold jurisdictional matter presented by SBTC.[2] SBTC argues that it was never properly served with the garnishment summons and the garnishment was therefore void and of no effect.

SBTC is a Missouri corporation, licensed to conduct business within the state of Oklahoma. As previously noted, the Strongs served SBTC with the March 1988 garnishment by mailing a copy by certified mail to SBTC's agent for service of process in Missouri.

The service of process issue here involves a complex matrix of state and federal statutes. Our analysis begins with Fed. R.Civ.P. 69(a), which states in pertinent part:

The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

This rule refers us to state law concerning service of process unless there is an applicable "statute of the United States" that trumps the state rules. We have held that the phrase "statute of the United States" as used in this rule includes applicable federal court rules. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 942 (10th Cir.1992). The federal rules apply, however, only if there is no state statute specifically applicable to service of garnishments. In other words, a *specific* state garnishment rule trumps the federal rules. *See id.* at 942–43; *Rumsey v. George E. Fail-*

1. The Strongs argue that Mr. Laubauch waived his challenge to the district court's January 25, 2001 order. They contend he should have appealed from or sought reconsideration of the August 21, 2000 order that initially set the amount of exemption at $50,000. Mr. Laubauch explains that at the time of the August 21, 2000 order, he believed the $50,000 exemption would run only from the November 1998 garnishment, rather than the March 1998 garnishment. Since he did not stand to receive more than $50,000 on or after November 1998, he concluded he was not aggrieved by the order, and therefore did not appeal.

As there were two separate garnishments on file by August 21, 2000, and the August 21, 2000 order was filed in response to a challenge to the November 1998 garnishment, Mr. Laubauch's confusion is understandable. Regardless of whether his request for reconsideration is viewed as a motion under Rule 59(a), or under Rule 60(b) as the district court concluded, we conclude that he preserved his right to appeal this issue. In any event, the same issue clearly was preserved by SBTC in its appeal.

2. SBTC also argues it is not liable for the garnishment proceeds because Mr. Laubauch was no longer employed by SBTC at the time it paid him workers' compensation benefits. The continuing earnings garnishment statute defines "earnings" subject to garnishment broadly, to include "any form of payment to an individual." Okla. Stat. tit. 12, § 1173.4(A).

SBTC points out that a continuing earnings garnishment terminates with the employment relationship. *Id.* § 1173.4(G)(2). That is true *a fortiori* where wages are garnished, and the termination of the employment relationship ends the employer's responsibility for compensating the employee with wages that may be garnished. Where "earnings" other than wages are paid, however, the termination of the employment relationship may not end the garnishment. *See id.* § 1173.4(F)(1) (requiring garnishee to answer whether it was employer of defendant, was indebted to defendant, *or* was under liability to defendant "in any manner or upon any account for earnings.").

*ing Co.,* 333 F.2d 960, 962 (10th Cir.1964). If the specific state garnishment rule merely refers to the state's general rules for service of process, however, federal law governs. *Okla. Radio,* 969 F.2d at 943.

Oklahoma's general garnishment statute, Okla. Stat. tit. 12, § 1173.3(C), does not contain a specific rule for service of process. Instead, it refers to the general Oklahoma procedural law for rules governing service of process, *id.* § 2004. Section 2004, however, was amended in 1996 to include a specific provision applicable to garnishments. The amendment provides: "Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted delivery, to the addressee." *Id.* § 2004(C)(2)(b) (Cum.Supp.2003).

We conclude this specific state statute, and not the exception to Rule 69(a), controls. State law therefore governs sufficiency of service of process here.

■ Service here was accomplished by certified mail, as required by Title 12, §§ 1173.4(D) and 2004. The question is whether that mailing was addressed to the proper addressee.

Section 2004(C)(2) permits service by mail "upon a defendant of any class referred to in division (1), (3) or (5) of subparagraph c of paragraph 1 of this section." The "division (3)" referred to states that service may be accomplished:

> Upon a domestic or foreign corporation ... by delivering a copy of the summons and of the petition to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]

*Id.* § 2004(C)(1)(c)(3). *See Bank of Okla., N.A. v. Krown Sys.,* 53 P.3d 924, 927 (Okla.Ct.App.2002) (applying § 2004(C)(1)(c)(3) to service of garnishment summons on corporation).

The agent served in this instance, Paul Lane, was authorized by law to receive service of process for SBTC in Missouri. SBTC raises two problems with service on Mr. Lane. First, he was not the registered agent in Oklahoma, where the suit was filed. SBTC had an Oklahoma agent who arguably could have been served. Second, SBTC argues that Missouri law permits corporations to appoint separate agents for service of process generally, and service of garnishments in particular. Mr. Lane, they contend, was not their Missouri agent for garnishment service.

We reject SBTC's arguments. Section 2004(C)(1)(c)(3) allows service on *"any other agent* authorized by appointment or by law to receive service of process." (Emphasis added.) Service of process is permitted outside the state as long as it is consistent with due process principles. Okla. Stat. tit. 12, §§ 2004(E)(2)(c), (F). SBTC does not contend that the process here was inconsistent with due process, only that it was technically improper. *See Vance v. Fed. Nat'l Mortgage Ass'n,* 988 P.2d 1275, 1279 (Okla.1999) ("It is not every variance in the service of process which will invalidate it.").

The fact that Mr. Lane was not designated to receive service of garnishments under *Missouri* law does not invalidate the service of process. The Oklahoma legislature knew how to subject service to the requirements of foreign law when it so chose.[3] There is no reference to foreign law in the requirement that "service out-

---

**3.** *See, e.g.,* Okla. Stat., tit. 12, § 2004(E)(3) (Cum.Supp.2003) (allowing proof of service to be made in manner permitted under foreign state law); § 2004(E)(4) (allowing service to be made by individual permitted to serve process under foreign state law).

side this state ... must be made upon the designated individual or individuals." Okla. Stat. tit. 12, § 2004(E)(5). We conclude that the process employed here provided SBTC with actual notice and was sufficient to confer jurisdiction.

## III.

■ We now turn to the specific issue presented for certification in this case. Two statutes in Oklahoma provide an exemption from attachment of workers' compensation benefits. These statutes appear to be in conflict.

The first provision is found in Okla. Stat. tit. 85, § 48, which provides as follows:

Claims for compensation or benefits due under the Workers' Compensation Act shall not be assigned, released or commuted except as provided by the Workers' Compensation Act, and shall be exempt from all claims of creditors and from levy, execution or attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.

Okla. Stat. tit. 85, § 48 (footnote omitted). This provision, in one form or another, has existed in the statute since 1915.

The other provision came into being in 1980 when the legislature amended the general exemption statute, Okla. Stat. tit. 31, § 1, by *inter alia* adding the following provision:

A. Except as otherwise provided in this title ... the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

* * *

21. Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages.

Title 85, § 48 was amended in 1994 to provide an exception for child support obligations. No change was made to the unlimited exemption, however, even though title 31, § 1(A)(21) was in existence by that time.

The conflict between these statutes is squarely presented in this case. Either Mr. Laubauch was entitled to exempt the entire amount of his workers' compensation proceeds (which far exceeded $50,000), or he was limited to a $50,000 exemption from the Strongs' garnishment.

The Oklahoma courts have considered this conflict in a non-binding decision. In *Young*, 964 P.2d 911, the Oklahoma Court of Civil Appeals attempted to harmonize the two statutes. It concluded that the exemption is indeed unlimited, as provided by Title 85, section 48, where asserted by the injured employee/recipient. When asserted by a person *other* than the employee, however, who merely has "an interest" in the claim, the exemption is limited to $50,000. *Id.* at 912.

The federal district court in this case refused to follow *Young.* It relied instead on a case in which the Oklahoma Supreme Court applied the $50,000 limitation to claims made by the worker himself. *See In re Anderson,* 932 P.2d 1110 (Okla.1996). The district court concluded that the exemption is limited to $50,000 even when asserted by the worker.

*Young,* only released for publication by the Court of Civil Appeals and not by the Oklahoma Supreme Court, has no precedential value and the district court was permitted to ignore it. *See* Okla. Stat. tit. 20, § 30.5 ("No opinion of the Court of Civil Appeals shall be binding or cited as

precedent unless it shall have been approved by the majority of justices of the Supreme Court for publication in the official reporter."). The district court's reliance on *Anderson,* however, may not be dispositive.

In *Anderson,* the Oklahoma Supreme Court had no reason to address the conflict between the two statutes. That was not the issue presented. Instead, the issue in that case was how many $50,000 exemptions were allowed where an injury was produced by more than one defendant. Thus, the Oklahoma Supreme Court (which denied state certiorari from the *Rimer* case), has never squarely ruled on the issue presented.

Research in other jurisdictions has not uncovered any cases dealing with a similar conflict from which a trend in the authority could be established. Because there is no controlling precedent from the Oklahoma Supreme Court on this question of law which may be determinative of the appeal pending before us, certification is appropriate. *See* Okla. Stat. tit. 20, § 1602. We therefore order the appeal stayed pending resolution of the question certified herein and direct the Clerk of this court to transmit a copy of the certification to the parties and to submit to the Oklahoma Supreme Court a certified copy of the certification together with copies of the briefs filed in this court.

## IV.

As required by Okla. Stat. tit. 20, § 1604(A)(4), the names and addresses of counsel of record are as shown above.