2004 OK 21

William A. STRONG, II, Carolyn E. Strong, Plaintiffs/Appellees,

v.

Donald D. LAUBACH, Defendant/Appellant,

v.

Southwestern Bell Telephone Company, Garnishee/Appellant.

No. 99,167.

Supreme Court of Oklahoma.

March 30, 2004.

Jon W. Laasch, Jacobson & Laasch, Edmond, OK, for Appellant.

Kelley L. Cornelius, Kelley L. Cornelius, P.C., Oklahoma City, OK, for Appellees.

Richard E. Hornbeek, Hornbeek, Krahl, Vitali & Braun, P.L.L.C. Oklahoma City, OK, for Garnishee/Appellant.

WATT, Chief Justice.

¶ 1 Two cases from the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) have been consolidated for our consideration. In one case, Southwestern Bell Telephone Company (SBTC), as Garnishee, appealed the judgment against it in favor of the Appellees, William A. Strong, II, and Carolyn E. Strong (the Strongs), for the entire sum paid to its employee, Appellant Donald D. Laubach, for a workers' compensation claim. The Strongs are Laubach's judgment creditors. The other case is an appeal by Laubach from the judgment in favor of the Strongs, in which the court found he was not entitled to an unlimited exemption for workers' compensation benefits under 85 O.S.2001 § 48[1] (§ 48), of the Workers' Compensation Act (the Act), but to an exemption limited to $50,000.00, under 31 O.S.2001 § 1(A)(21)[2] (§ 1(A)(21)), found in Title 31, Homestead and Exemptions of the Oklahoma Statutes. The following reformulated question has been certified to this Court by the United States Court of Appeals for the Tenth Circuit pursuant to the Revised

---

1. Claims for compensation or benefits due under the Workers' Compensation Act shall not be assigned, released or commuted except as provided by the Workers' Compensation Act, and shall be exempt from all claims of creditors and from levy, execution or attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees; ... *Nothing in this section shall be construed to prohibit any party from the enforcement of any valid lien for child support or valid income assignment for child support....* [Emphasis added].

2. Section 1(A)(21) of title 31, Oklahoma Statutes, provides:

A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

...

21. *Such person's interest in a claim for* personal bodily injury, death or *workers' compensation* claim, for a net amount not in excess of Fifty Thousand Dollars ($50,-000.00), but not including any claim for exemplary or punitive damages;.... [Emphasis added].

Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601–11:

> Are workers' compensation proceeds paid to an injured worker entirely exempt from garnishment, as provided in Okla. Stat. tit. 85, § 48, or is the exemption limited to fifty thousand dollars ($50,000.00), as provided in Okla. Stat. tit. 31, § 1(A)(21)?

We answer the federal question as follows:

> Claims for compensation or benefits due are completely exempt under 85 O.S.2001 § 48, the exclusive statutory authority for exemptions under the Workers' Compensation Act, 85 O.S.2001 §§ 1 et seq. The purported exemptions for a "person's interest in a ... workers' compensation claim", under 31 O.S.2001 § 1(A)(21), shall not apply to "claims for compensation or benefits due" under the Oklahoma Workers' Compensation Act.

## FACTS

¶ 2 Laubach sustained two injuries during his employment with SBTC. He filed claims in the workers' compensation court and received awards for compensation benefits.[3] He settled his claim with SBTC and its insurer, and an annuity was purchased for the remaining $40,000.00 of his award. The Strongs had previously received a judgment against Laubach in federal court in Missouri in an unrelated matter. They filed their judgment in the United States District Court for the Western District of Oklahoma. They have attempted to collect their judgment from Laubach's workers' compensation proceeds through two separate garnishment actions. The first one, in March, 1998, was a continuing garnishment against SBTC to intercept the workers' compensation proceeds then being paid to Laubach.[4] The other garnishment action was brought in November, 1998, against Laubach's bank account, in which the annuity payments were deposited.

This case involves the annuity payments in the November, 1998 garnishment.

¶ 3 Laubach and SBTC objected, claiming workers' compensation proceeds are totally exempt under 85 O.S. § 48. In the November, 1998, bank account garnishment, Laubach claimed he was entitled to an exemption for workers' compensation and social security benefits. The federal magistrate entered a report and recommendation granting his claim for an exemption for the social security benefits. An exemption of $50,000.00 was granted for the workers' compensation benefits. However, the magistrate held that because Laubach had already received $50,000.00 in workers' compensation benefits in the March, 1998, garnishment action, he had received the maximum exemption allowed pursuant to 31 O.S. § 1(A)(21).

¶ 4 Laubach objected to the Magistrate's report and recommendation. He relied on an opinion of the Oklahoma Court of Civil Appeals (COCA), *Young v. Rimer*, 1998 OK CIV APP 49, 964 P.2d 911 (cert.denied), as authority for his position that he was entitled to a complete exemption for workers' compensation proceeds. The district court rejected his objection, recognizing that *Young v. Rimer* is not accorded precedential value because it is not an opinion from this Court, or a case which this Court released for publication.[5] See Rule 1.200(c)(2), Rules of the Supreme Court, 12 O.S.2001, Ch.15, App. The district court relied instead on this Court's opinion in *In re Anderson*, 1996 OK 135, 932 P.2d 1110. In its certification order, the Tenth Circuit recited the finding of the district court with regard to *Anderson*, has follows: "The district court concluded that the exemption is limited to $50,000.00 even when asserted by the worker." Laubach and SBTC then appealed to the Tenth Circuit which has certified the question now before us.

---

3. The Tenth Circuit explains in its Certification order that Laubach's claims were settled in three stages. He received the sum of $368.90 every two weeks from March 4, 1998 through August 5, 1998. He then entered into a settlement which paid a lump sum payment to him of $221,374.00. Then, an annuity was issued on Laubach's behalf in the amount of $40,774.00, payable to him over ten years at a rate of $425.00 per month.

4. Although SBTC responded by letter to the Strongs' counsel, objecting on the basis of service in Missouri and exemption of workers' compensation benefits, SBTC did not otherwise answer the garnishment summons.

5. *Young v. Rimer* was released for publication by order of the Court of Civil Appeals.

## DISCUSSION

### A.  Contentions of the Parties

¶ 5 Laubach contends there should be no limit to the exemption under § 48 and that the federal court erroneously applied § 1(A)(21). He contends the issue in this case is whether the two statutes can be reconciled and that reconciliation is possible, considering how each statute is to be applied.  He contends that the Legislature is not presumed, in enacting a new statute, to have intended to repeal an earlier statute by implication.  Conflicting legislative acts should be construed in such a way as to reconcile the provisions and render them consistent and harmonious, giving force and effect to each. This is known as the rule of *in pari materia.* See *Beavin v. State ex rel. Dept. of Public Safety,* 1983 OK 34, 662 P.2d 299, 302.  He contends the exemption in § 48 is unlimited for "claims for compensation" paid to employees, similar to the benefits awarded and paid to him in this case.  On the other hand, he contends § 1(A)(21) does not apply to *an employee's* "claims for compensation", but instead, applies only to a person's "interest in" a claim for ... workers' compensation". [Emphasis added.] Thus, Laubach's contention that the two statutes can be reconciled is based on the premise that § 48 applies to compensation paid *to the injured employee,* while § 1(A)(21) applies to the "interest" in compensation of someone *other than the injured employee.*  This contention is consistent with COCA's holding in *Young v. Rimer,* supra.  Laubach contends that construing both statutes to apply to the injured employee prohibits a reconciliation of the statutes and notes that COCA recognized only one exception to the unlimited aspect of § 48:

[T]he only express exception to that exemption contained in the opening paragraph is for 'the enforcement of any valid lien for child support or valid income assignment for child support.'  If the legislature had intended there to be other exceptions to the exemption protection of compensation and benefits *paid to employees,* we believe that the legislature would have expressly provided them as it did with liens and income assignments for child support.  [Emphasis in original].

964 P.2d 911, 913.  This exception for child support obligations was added to § 48 in 1994.  Also in 1994, the Legislature enacted § 48.1, authorizing a lien to enforce child support judgments.[6]

¶ 6 SBTC takes Laubach's position that *Young v. Rimer,* supra, should be followed. It contends the full exemption granted in § 48 has never been repealed, and has only been modified to allow a lien or income assignment for child support obligations. Moreover, it contends *Young v. Rimer* is the only Oklahoma authority which addresses the issue in this case: reconciliation of the conflict between 31 O.S. § 1(A)(21) and 85 O.S. § 48.

¶ 7 The Strongs contend the district court correctly held Laubach's workers' compensation payments (the annuity) are subject to an exemption of only $50,000.00 under § 1(A)(21), and that he had already received it in conjunction with the March, 1998 garnishment.  Although they cite *Beavin* for the rule of *in pari materia* as being applicable here, they also cite *Edmond Independent School District No. 12 v. Oklahoma Tax Comm'n,* 1943 OK 62, ¶ 13, 135 P.2d 57, 192 Okla. 241, for the rule that clear legislative intent to restrict the application of a former statute should be respected by the courts.

---

**6.**  48.1. Lien Against Workers' Compensation Benefits to Enforce Child Support Judgments

A.  1.  A lien against workers' compensation benefits is authorized for the purpose of enforcing a judgment for child support. Child support liens filed in accordance with Section 135 of Title 43 of the Oklahoma Statutes are specifically authorized and shall be paid in accordance with such statute without any order of the Worker's Compensation Court.

2.  Additionally, all income assignments or wage assignments for child support issued pursuant to Section 1170 of Title 12 of the Okla-

homa Statutes or Section 240 of Title 56 of the Oklahoma Statutes are specifically authorized and shall be paid in accordance with such statutes without any order of the Workers' Compensation Court.

B.  Venue for purposes of subsection B of Section 1171.3 of Title 12 of the Oklahoma Statutes and subsection E of Section 240.2 of Title 56 of the Oklahoma Statutes shall be either the location of the employer's insurance carrier or the employer's place of business within Oklahoma.

They contend that in 1980, when sub-section A(21) was added to § 1 of title 31, it showed Legislative intent to limit the workers' compensation exemption under § 48 of the Act to $50,000.00. They claim that to ignore the clear language of § 1(A)(21) by carving out legal exceptions would judicially repeal the statute and defeat Legislative intent.

¶ 8 The Strongs contend Laubach's interpretation would, in effect, repeal § 1(A)(21). They argue that no one other than the workers' compensation employee or a creditor of the employee could have been contemplated by the Legislature's use of the terms *"such person's interest* in a claim for ... workers' compensation ..."* under the statute. [Emphasis added.]

## LEGISLATIVE INTENT

¶ 9 The fundamental rule of statutory construction is to ascertain and, if possible, give effect to, the Legislature's intention and purpose as expressed in a statute. *Hill v. Board of Education,* 1997 OK 111, 944 P.2d 930. Under the rule of *in pari materia,* the Legislature is not presumed, in enacting a new statute, to have intended to repeal an earlier statute by implication. Conflicting legislative acts should be construed in such a way as to reconcile the provisions and render them consistent and harmonious, giving force and effect to each. See *Beavin v. State ex rel. Dept. of Public Safety,* 1983 OK 34, 662 P.2d 299, 302. However, when an irreconcilable conflict is found to exist between two statutes, the Court will hold one of them to be repealed by implication. *Upton v. Dept. of Corrections,* 2000 OK 46, 9 P.3d 84.

¶ 10 The purpose of the Workers' Compensation Act is to compensate injured workers for loss of earning power and disability to work. *Wal–Mart Stores, Inc. v. Switch,* 1994 OK 59, 878 P.2d 357. Workers' Compensation Laws must be liberally construed in favor of injured employees. *Special Indemnity Fund v. Treadwell,* 1984 OK 91, 693 P.2d 608. Workers' compensation is purely a creature of statute; it did not exist at common law. See *Lang v. Landeros,* 1996 OK CIV APP 4, 918 P.2d 404 (cert.denied). Thus, any allowance of benefits or the restriction upon an award must be given, if at all, by statute. The Legislature provided for workers' compensation benefits to be exempt when workers' compensation statutes were first created. See 85 O.S.1915 § 48. That statute, although modified, has never been repealed. The case law interpreting the workers' compensation act supports liberal construction of the exemptions granted in § 48.

¶ 11 The other types of claims in § 1(A)(21) for which exemptions are allowed, i.e., personal bodily injury and death claims, however, were claims which arose at common law. When § 1(A)(21) was added in 1980, part of the legislative title given to the amendment to § 1 of title 31 was "Increasing Exemptions". Granting an exemption for an interest in this type of claim would have increased an exemption for such claim, as none previously existed. We generally assume the Legislature will not perform a vain and useless act in enacting new laws. See *Hill v. Board of Education,* 1997 OK 111, 944 P.2d 930. However, including workers' compensation claims in § 1(A)(21) with personal bodily injury and death claims was an unnecessary act. The Legislature had previously provided for a total exemption in the Workers' Compensation Act for "claims for compensation and benefits due", under § 48. Clearly, granting an exemption of $50,000.00 for an "interest in" a claim for workers' compensation could not *increase* an exemption which was already totally exempt under § 48, except for the noted exception for child support obligations, not applicable here.

¶ 12 Since 1915, section 48 has provided that workers compensation benefits shall not be assigned, released or commuted "except as provided by this act" and has also provided for an exemption "from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt". We, therefore, recognize § 48 under the Workers' Compensation Act as the only exemption intended by the Legislature for workers' compensation. Our holding today is not intended to affect the exemptions granted pursuant to 31 O.S.2001 § 1(A)(21) for an "interest in a claim for *personal bodily injury* ... [or] *death* ...."* [Emphasis added.]

¶ 13 In defining the purpose of the homestead exemption laws, the statutes in which

31 O.S.2001 § 1(A)(21) is found, this Court stated in 1935 in *Security Building & Loan Ass'n v. Ward,* 1935 OK 996, 50 P.2d 651, 657, 174 Okla. 238:

> The purposes of the exemption statute are to prevent improvident debtors from becoming subjects of charity by preserving to them sufficient definitely classified property that they may maintain a home for themselves, and to prevent inconsiderate creditors from depriving them of the necessities of life. It is the duty of the court to so apply these exemption statutes as to accomplish these purposes.

Nothing we have decided today impairs that purpose in any way.

### NEITHER *YOUNG v. RIMER* NOR *IN RE ANDERSON* RESOLVES THE PRESENT CASE

¶ 14 COCA reached the correct result in *Young v. Rimer* as to the parties involved, in holding that Young had no interest in, and could not execute upon, Rimer's workers' compensation proceeds because they are completely exempt under § 48. However, because it implies the situation could arise in which someone other than a workers' compensation employee, or the employee's dependents, could have an "interest in" the employee's "claim for compensation or benefits due", under § 1(A)(21) to entitle them to an exemption of $50,000.00, we cannot adopt it as a resolution to this case. We find such an inference to be contrary to the language of § 48 and apparent legislative intent. Thus, we hold § 48 is the exclusive statutory authority for workers' compensation exemptions.

¶ 15 In the present case, the federal district court relied on *Anderson,* supra, in holding the $50,000.00 exemption was applicable, although already exhausted. We acknowledge we held therein that a *workers' compensation employee* should receive the limited exemption under § 1(A)(21), when he sought protection under the United States Bankruptcy Code. We had before us in *Anderson* a certified federal question from the bankruptcy court. The narrow question asked was whether the debtor could receive an exemption for each "separate and distinct" claim allowed under 31 O.S.2001 § 1(A)(21). This Court held he could receive

two exemptions because he sustained two separate injuries, i.e., his employment-related injury (workers' compensation), and the injury which arose later during surgery, in his medical malpractice action (bodily injury claim) for treatment of the first injury.

¶ 16 *Anderson* considered the § 1(A)(21) limitation of $50,000.00 without reference to § 48. We answered the specific question posed by the bankruptcy court. Moreover, it remains applicable to exemptions for "personal bodily injury" and "death" claims under § 1(A)(21). While we also find *Anderson* instructive as to the extent to which a bankruptcy proceeding affects a claimant's property and exemptions, because of our holding herein, we find *Anderson* inapplicable to this case.

### EXEMPTIONS UNDER § 48 APPLY TO THE CLAIMANT AND THE CLAIMANT'S DEPENDENTS

¶ 17 The Legislature has shown its intent to protect workers' compensation benefits awarded to the employee, as well as the benefits awarded to an employee's dependents upon the employee's death. Under the Workers' Compensation Act, benefits are protected from the claims of creditors and from the claimant's attempts to assign his own benefits. Moreover, the Legislature has determined that the dependents of employees shall also be protected from losing the accrued benefits awarded to their deceased family member, subject to some reductions set out in § 48. This agrees with our statement of the purpose of workers' compensation benefits in *Commons v. Bragg,* 1938 OK 355, 80 P.2d 287, 290, 183 Okla. 122, in which this Court quoted approvingly from *Corbin v. Wilkinson,* 1935 OK 977, 52 P.2d 45, 48, 175 Okla. 247:

> This court has heretofore pointed out that in enacting the Workmen's Compensation Law "the Legislature intended the benefits of the act shall flow to the injured workmen and their dependents, *in order to afford them a living and prevent them from becoming public charges."* [Emphasis added.]

¶ 18 This Court's discussion in *Commons v. Bragg,* supra, of § 48 expounds on the

intention of the Legislature, as shown by amendments to § 48, to the effect that the proceeds of an award under the Act:

> were to protect the dependents of the injured employee as well as the employee himself. These provisions provided that in case of the death of the claimant, the award was payable to dependents and did not go to his estate where his creditors might claim it. It would indeed be anomalous to hold that by reason of the exemption from claims of creditors as provided in the foregoing section the injured employee could avoid his obligation to support and maintain his wife and children when in fact the exemption was to assure them, as well as the husband, the **necessities of life** during his disability. [Emphasis added.]

80 P.2d 287, 290.

¶ 19 Protection of the "necessities of life" of the employee and the employee's family has been a constant theme of the Workers' Compensation Act. In *Commons v. Bragg*, and in cases following it, this Court held there was no exemption for the employee under the Act against a claim by the employee's former wife for alimony and child support. See also *Crocker v. Crocker*, 1991 OK 130, 824 P.2d 1117; *Meadows v. Meadows*, 1980 OK 158, 619 P.2d 598. Consistent with the objective of protecting the worker and the worker's family's ability to make a living, the Legislature amended § 48 in 1994 to protect the claimant's dependent children by adding the following:

> Nothing in this section shall be construed to prohibit any party from the enforcement of any valid lien for child support or valid income assignment for child support.

¶ 20 Section 48 of the Act gives a complete exemption to claimants for *compensation* or *benefits due* and provides that *compensation and benefits* shall be paid *only to employees.* Then, § 48 enumerates circum-

stances in which the employee's benefits cease and are paid to others, seemingly contradictory.

¶ 21 The protection of compensation proceeds from creditors is extended not only to the injured worker, but also to the worker's dependents.[7] In *National Gypsum Company v. Brewster*, 1969 OK 185, 461 P.2d 593, we held § 48 also applied to protect a wife's death claim "from being assigned, released or commuted". The Workers' Compensation Act is intended to provide the necessities of life for them, just as the employee's claim was paid to him to provide such necessities of life for himself and his family during his lifetime.[8]

## THE EXTENT OF THE EXEMPTION FOR "CLAIMS FOR COMPENSATION OR BENEFITS DUE"

¶ 22 The § 48 exemption is granted for "claims for compensation or benefits due under the Workers' Compensation Act". The timing and extent to which workers' compensation benefits are exempt under § 48 is an issue which has been litigated in a number of jurisdictions, including ours. In other words, when does the exemption take effect? Is an exemption granted at the time the claim is filed, or when the claim is approved, or when the claim is paid? Prior cases held an exemption allowed for "benefits due" protected the benefits until the moment they were "due". Once paid, however, the claimant received no further exemption and the funds received were subjected to creditors' claims.

¶ 23 In his bankruptcy proceeding, the *Anderson* claimant listed his workers' compensation and his medical malpractice claims on his bankruptcy schedules and claimed exemptions. Neither claim had been fully litigated at that point in time. Whatever the debtor owns, including legal and equitable

---

7. First, if the employee dies as a result of his injury or occupational disease, any *unaccrued portions* of the award or order for benefits shall abate. Next, the enforcement of a valid lien for child support obligations of the claimant will not be prohibited. Then, section 48 explains how the benefits are paid to the claimant's dependents in the event of his death due to causes *other than* the injury for which he received the award.

8. Protection under § 48 is also provided the employee's dependents when the employee, who has been receiving workers' compensation benefits, dies due to causes *other than his employment-related injury or occupational disease.* Section 48 sets out specified percentages and dollar amounts for *accrued benefits* to particular dependents for permanent partial and permanent total disability awards.

interests at the time the bankruptcy petition is filed, becomes property of the bankruptcy estate and must be listed on the bankruptcy schedules. 11 U.S.C. §§ 521, 541; *In re Alexander*, 1999 OK 31, 980 P.2d 659.[9] At that time, Anderson was not receiving compensation under the Act. Moreover, it was possible his claims might never be approved.

¶ 24 In *Alexander*, supra, a case involving an exemption for a bodily injury claim in a bankruptcy context, we acknowledged the workers' compensation and bodily injury claims held by the claimant in *Anderson* had been unresolved, but, that Anderson was, nevertheless, entitled to claim a $50,000.00 exemption under § 1(A)(21). We stated at 980 P.2d at 664:

> [E]ven *potential recoveries* for a workers' compensation claim and for a personal injury action were items of the bankruptcy estate *for which the debtor could claim exemptions.*" [Emphasis added].

We recognized that a personal injury claim asserted before bankruptcy, was a "potential recovery" and must be considered part of the bankruptcy estate. In so doing, we acknowledged the debtor could claim an exemption for contingent and unliquidated claims.

¶ 25 We reiterate that section 48 was not at issue in either *Alexander* or *Anderson*. Our consideration in *Anderson* was limited to the terms of the certified federal question submitted. *Alexander* did not involve workers' compensation. Despite the factual differences between this case and our previous decisions in *Anderson* and *Alexander*, we find a significant common thread throughout: the liberal construction of exemption statutes in Oklahoma. In *Alexander*, we affirmed a bankruptcy's debtor's right to exempt his annuity payments for his personal injury claim after bankruptcy was filed, pursuant to

§ 1(A)(21), noting that any amount received in excess of $50,000.00 would become bankruptcy estate property.[10] This was so, even though the debtor's interest in the annuity payments was contingent at the time bankruptcy was filed. In *Anderson*, we recognized unliquidated or contingent workers' compensation benefits were exempt, subject only to the public policy exception recognized for the debtor/claimant's obligations for child support and alimony. Oklahoma's policy of liberally construing exemption statutes,[11] as shown in our treatment of the exemptions allowed in both cases under § 1(A)(21), even for contingent or unliquidated claims, persuades us there should be no restriction imposed on the exemption under § 48 for "claims for compensation or benefits due".

¶ 26 Workers' compensation proceeds retain their exempt character, even when deposited in a bank, unmingled with other funds. This Court addressed this issue in *In re Allen's Guardianship*, 1938 OK 271, 78 P.2d 700, 182 Okla. 512. It was argued exempt funds became subject to seizure the instant they were paid. This Court quoted approvingly from *Gaddy v. First National Bank*, 115 Tex. 393, 283 S.W. 472, 473, in which the Texas Supreme Court held:

> If the exemption shall obtain only until the employee receives the compensation, it would never benefit him. He cannot use it, because nonassignable, until he actually collects it. Then, if, at that very minute, it is subject to debts and legal writs, there would not be a minute when he could call it his own. He would really have no exemption.

## CONCLUSION

■■■ ¶ 27 The workers' compensation benefits paid to Laubach are in the nature of a

---

9. In *In re Alexander*, we held: "The line of separation between the debtor's property and the bankruptcy estate is settled in the bankrupt's affairs on the date the bankruptcy petition is filed. References to exemptions refer to this point in time—when the general estate passes out of the bankrupt's control and when the creditors' and trustees' rights are fixed. It is here that the right of exemption arises. Exemptions allow the withdrawal of property from the bankruptcy estate which would otherwise be subject to levy and sale under judicial process. It is the trustee's duty to set aside the bankrupt's legally claimed exemptions." 980 P.2d at 663. [Footnotes omitted.]

10. Because we were only considering the exemption pursuant to 31 O.S. § 1(A)(21) under the CFQ submitted, any amount received over $50,000.00 would become bankruptcy estate property.

11. If there is a doubt as to whether an exemption is allowed, the doubt should be resolved in favor of the exemption. See *In re Anderson, In re Allen's Guardianship*, supra.

"money allowance" which compensated him for the loss of earning power and disability to work, and which affords him a living. These benefits were intended by the Legislature to remain completely exempt under 85 O.S.2001 § 48 alone, without restriction as to amount. The application of 85 O.S.2001 § 48 to workers' compensation benefits is inconsistent with 31 O.S.2001 § 1(A)(21), providing for an exemption of only an "interest in" such workers' compensation proceeds. Workers' compensation benefits are not subject to claims of creditors, except as explained, for valid child support obligations, not applicable here. The exemption under 85 O.S.2001 § 48 extends to contingent or unliquidated workers' compensation claims before they are paid, as well as to unmingled funds deposited in bank accounts after they are paid. They protect the injured worker and the worker's dependents. "Claims for compensation or benefits due" are completely exempt under 85 O.S.2001 § 48, which is the exclusive statutory authority for exemptions under the Workers' Compensation Act, 85 O.S.2001 §§ 1 et seq.

## FEDERAL CERTIFIED QUESTION ANSWERED.

HODGES, LAVENDER, HARGRAVE, KAUGER, BOUDREAU, WINCHESTER, EDMONDSON, JJ., concur.

OPALA, V.C.J., concurs in result.

1.  The terms of 85 2001 § 48 are:
    Claims for compensation or benefits under the Workers' Compensation Act shall not be assigned, released or commuted except as provided by the Workers' Compensation Act, and shall be exempt from all claims of creditors and from levy, execution or attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees; ... Nothing in this section shall be construed to prohibit any party from the enforcement of any valid lien for child support or valid income assignment for child support. * * *

2.  The terms of 31 O.S.2001 § 1(A)(21) are:
    A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided: * * *

OPALA, V.C.J., concurring in the court's answer **but not in its pronouncement.**

¶ 1 I concur in today's answer to the federal court's question. By the provisions of 85 O.S.2001 § 48 [1] all workers' compensation awards, regardless of their amount, are *totally exempt* from all creditors' claims (except those asserted for the enforcement of a valid child support lien or income assignment). Because my analysis for the court's conclusion varies somewhat from that expressed in the opinion, I submit my own views by offering this statement of concurrence in the result reached today.

¶ 2 Although for resolution of a legal question before the court the total corpus of pertinent law should be taken into consideration, not all of its sources need be contributive to the answer ultimately pronounced. This principle must guide the court's answer in this case. The two statutes drawn here to our attention—85 O.S.2001 § 48 and 31 O.S.2001 § 1(A)(21) [2]—are not *in pari materia* and hence need not be construed together as a harmonious whole.[3] **They deal with different subjects.** The former section is found in a **comprehensive act that addresses itself specifically and solely** to the Workers' Compensation Law, while the latter section deals **generally** with exemptions from creditors' levy. *Section 48,* as well as the entire act of which it forms a part, is **public law**[4] of

21. Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,-000.00), but not including any claim for exemplary or punitive damages;

3.  Where the same subject is treated in several acts having different objects the statutes are not *in pari materia. Holleyman v. Holleyman,* 2003 OK 48, 78 P.3d 921, 942 (supplemental opinion on rehearing's denial); Singer, STATUTES AND STATUTORY CONSTRUCTION, § 51.03, pgs 210, 211.

4.  Workers' Compensation Law falls under the rubric of public-law legislation. *Special Indemnity Fund v. Reynolds,* 1948 OK 14, 188 P.2d 841, 842, 199 Okla. 570; *Reynolds v. Special Indemnity Fund,* 1986 OK 64, 725 P.2d 1265, 1270; *PFL Life Ins. Co. v. Franklin,* 1998 OK 32, 958 P.2d 156, 164 n. 21; *Jobe v. American Legion # 7,* 2001 OK 75, 32 P.3d 860, 867 n. 22; *Amos v. Spiro Public Schools,* 2004 OK 4, 85 P.3d 813 n. 18.

employers' liability. In contrast, § 1(A)(21), which relates to the rights of debtors in proceedings to enforce adjudged obligations, constitutes **private law.** We need not resolve the apparent conflict between the texts of the two sections. **The former must be declared to control over the latter.**

¶ 3 Where a matter before the court is addressed by two statutes—one *specific* and the other *general—the specific enactment which clearly focuses on the point in controversy* and prescribes the legal norm for resolving the contest, **will control over the general statute.**[5]

¶ 4 Section 48 *specifically addresses* itself to the exemption provided for proceeds of workers' compensation awards, while § 1(A)(21) *generally deals broadly* with numerous classes of exemptions from the creditors' levy. *The former section must be allowed to govern here to the exclusion of the latter.*

¶ 5 Extant Oklahoma jurisprudence on the matter dealt with here does not form a harmonious body of precedent. I would hence *expressly disapprove* of all unguarded language found in the past pronouncements which may be regarded as not entirely consistent with today's conclusion. In the interest of attaining **optimal clarity** for the contested point of law we settle here, the Bench and Bar deserve to have the court wipe the slate clean of yesteryear's decisional cacophony. Today's opinion falls short of achieving that goal.

---

**5.** *Hall v. Globe Life and Acc. Ins. Co.,* 1999 OK 89, 998 P.2d 603, 605; *State ex rel. Trimble v. City of Moore,* 1991 OK 97, 818 P.2d 889, 899; Singer, Statutes and Statutory Construction, § 40:3 *et seq,* pgs. 230 *et seq.*