Dear Representative Peters,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Did the enactments of the 2003 Legislative Session
(see 2003 Okla. Sess. Laws ch. 459) amending and creating statutes governing the Grand River Dam Authority, specifically 82 O.S. Supp. 2004, §§ 861Aand 863.2, affect the applicability of the rulemaking provisions of Article I of the Administrative Procedures Act to the Grand River Dam Authority?
¶ 1 In a prior opinion, issued November 21, 2002, this office determined that the rulemaking provisions of Article I of the Administrative Procedures Act ("APA"), 75 O.S. 2001 Supp.2002, §§ 250-323, applied to the Grand River Dam Authority ("GRDA"). A.G. Opin. 02-44 at 272. In the following legislative session, the Legislature amended the GRDA's governing statutes.See 2003 Okla. Sess. Laws ch. 459 (S.B. 408). You have asked whether the amendments affect the applicability of the rulemaking provisions of the APA to the GRDA.
¶ 2 The GRDA is a conservation and reclamation district with "the authority to exercise the rights, privileges and functions hereinafter specified, including the control, storing, preservation and distribution of the waters of the Grand River and its tributaries." 82 O.S. 2001, § 861[82-861]. Senate Bill 408 amended certain GRDA statutes, and enacted Sections 861A, 863.2 of Title 82. See 2003 Okla. Sess. Laws ch. 459 §§ 1, 3. Section 861A reads, in pertinent part, as follows:
 B. Recognizing that the district is a unique agency of this state, whose mission requires the ability of the district to function in competition with private industry within the competitive power market, the Legislature hereby requires the Grand River Dam Authority Board of Directors as the rulemaking authority for the district to:
 1. Promulgate appropriate rules governing operations of the agency pursuant to the provisions of Article I of the Administrative Procedures Act, with the exception of rules dealing with the waters of the Grand River and its tributaries; and
 2. Develop written policies and procedures consistent with state laws governing the district's activities including marketing, consumer education, community relations and customer service functions performed by the district.
Id.(emphasis added) (footnote omitted).
¶ 3 Section 863.2, which was added to Title 82 by S.B. 408, was subsequently amended in the 2004 legislative session and now reads as follows:
 B. The Board shall have rulemaking authority pursuant to the provisions of Section 861 et seq. of this title. By majority vote, the Board shall have the authority to grant exemptions from any rules not promulgated pursuant to the Administrative Procedures Act which deal with the waters of the Grand River and its tributaries.
Id. (emphasis added).
¶ 4 Senate Bill 408 did not include any amendments to the APA with regard to the applicability of the APA to the GRDA. See
2003 Okla. Sess. Laws ch. 459.
¶ 5 Other provisions from the GRDA's governing statutes that are relevant to its rulemaking authority include 82 O.S. Supp.2004, § 862[82-862] and 82 O.S. 2001, § 875[82-875](B). Section 862 provides in pertinent part as follows:
 The district shall have and is hereby authorized to exercise the following powers, rights and privileges:
. . . .
 (r) To prescribe and enforce rules for the use for recreational and commercial purposes of the lakes created by the district by impounding the waters of said lakes, and the shorelands of the district bordering thereon, including the use of firearms, the inspection of all boats of every character proposing to operate or operating on said lakes, the issuance of permits for the operation of boats, surfboards, aquaplanes, sea-skis or similar devices on said lakes for hire; the charging and collection of fees for the inspection or operation of such boats, surfboards, aquaplanes, sea-skis or other similar devices on said lakes for hire; preventing the launching or operation of any commercial or for-hire boat, surfboard, aquaplane, sea-ski or similar device for hire, on the waters of said lakes, without a certificate of inspection and a permit for such use; prescribing the type, style, location and equipment of all wharves, docks and anchorages along the shores and upon the water of said lakes; the issuance of permits for wharfage, dock or anchorage privileges and charging fees for such commercial or private permits; and the establishment and maintenance of public wharves, docks or anchorages and the charging and collection of fees for the use thereof by the public; to appoint or employ such persons as the district may deem proper and suitable for the purpose of enforcing such rules and regulations as may be issued hereunder. . . .
Id.
¶ 6 Section 875 provides that the GRDA has the following rulemaking functions:
 A. The district shall not prevent free public use of its lands and lakes for recreation purposes and for hunting and fishing, . . . but may in the interest of public health and safety make reasonable regulations governing such use.
 B . . . The district shall prescribe suitable rules for the use of firearms on its lands and lakes and suitable rules and regulations and rules of travel,
in the interest of public safety, for the use of the waters of the lakes. The rules and regulations and the rules of travel of boats used on or plying the waters of the lakes shall be in keeping with the rules and regulations of the United States Bureau of Navigation for inland waters.
 C. The district shall prescribe, in the interest of public safety, suitable rules and regulations
governing the keeping for hire or operations of a boat or boats, surfboards, aquaplanes, sea-skis or similar devices for pecuniary profit or gain on the waters of the lakes.
Id. (emphasis added).
¶ 7 The above statutes relating to the GRDA's rulemaking powers must be construed in conjunction with the APA, 75 O.S. 2001 Supp. 2004, §§ 250-323. See Johnson v. Ward, 541 P.2d 182,186 (Okla. 1975) ("different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each"). The APA consists of Article I, which relates to rulemaking, and Article II, which relates to individual proceedings. 75 O.S. 2001, § 250.1[75-250.1](A). "Except as is otherwise specifically provided in this subsection, each agency is required to comply with Article I of the Administrative Procedures Act." 75 O.S. Supp. 2004, § 250.4[75-250.4](A)(1). "Agency" is defined as including "any constitutionally or statutorily created state board, bureau, commission, department, authority, public trust in which the state is a beneficiary, or interstate commission," except the Legislature and the courts. 75 O.S.2001, § 250.3[75-250.3](3).
¶ 8 The GRDA "is a nonappropriated agency of the State of Oklahoma. . . . [and] is subject to the laws of the state as they apply to state agencies except as specifically exempted by statute." 82 O.S. Supp. 2004, § 861A[82-861A](A). The GRDA is specifically exempt from Article II of the APA, which sets forth the requirements for hearings in individual proceedings. 75 O.S.Supp. 2004, § 250.4[75-250.4](B)(7). The GRDA is not listed among the agencies that are exempt from Article I on rulemaking (id. § 250.4(A)), which was the basis of this office's previous determination that the GRDA was subject to the APA's rulemaking provisions. See A.G. Opin. 02-44 at 272. The issue now is whether that determination is still valid in light of the legislative enactments and amendments to the GRDA statutes.
¶ 9 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). Rules of statutory construction are used only when legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity or conflict with other statutes. Cooper v.State ex rel. Dep't of Pub. Safety, 917 P.2d 466, 468 (Okla. 1996).
¶ 10 Section 861A(B)(1) of Title 82 directs the GRDA to "[p]romulgate appropriate rules governing operations of theagency pursuant to the provisions of Article I of the Administrative Procedures Act, with the exception of rules dealing with the waters of the Grand River and its tributaries[.]"Id. (emphasis added) (footnote omitted). Article I of the APA directs each agency with rulemaking authority to "promulgate as a rule a description of the organization of the agency, stating the general course and method of the operationsof the agency and the methods whereby the public may obtain information or make submissions or requests[.]" 75 O.S. 2001, §302[75-302](A)(1) (emphasis added). Section 861A directs the GRDA to promulgate rules on the operation of the agency pursuant to Article I, which is consistent with the APA's Section 302; however, Section 861A includes an exception for rules relating to the waters of the Grand River and its tributaries. As noted previously, Section 862(r) delegates rulemaking authority to the GRDA relating to the "recreational and commercial purposes of the lakes created by the district by impounding the waters of said lakes, and the shorelands of the district bordering thereon." The issue is whether the Legislature intended the exception stated in Section 861A as an exemption for the GRDA from the APA's rulemaking provisions with regard to rules relating to the Grand River and its tributaries, even though the Legislature did not amend Section 250.4, which lists specific agency exemptions from the APA's rulemaking requirements. In Section 863.2(B) of Title 82 the Legislature references the fact that certain GRDA rules are not promulgated pursuant to the APA by giving the GRDA Board "the authority to grant exemptions from any rules not promulgated pursuant to the Administrative Procedures Act which deal with the waters of the Grand River and its tributaries." Id.
¶ 11 In interpreting statutes, a "court will not assume that the legislature has done a vain or useless act; it must interpret legislation so as to give effect to every word and sentence rather than rendering some provisions nugatory." Anderson v.Eichner, 890 P.2d 1329, 1339 n. 31 (Okla. 1994). "Where possible, a statute must be read to render every part operative, and to avoid rendering it superfluous, or useless." Medina v.State, 871 P.2d 1379, 1383 n. 10 (Okla. 1993) (citations omitted). Another rule of statutory construction is that "[c]onflicting legislative acts should be construed in such a way as to reconcile the provisions and render them consistent and harmonious, giving force and effect to each." Strong v.Laubach, 89 P.3d 1066, 1070 (Okla. 2004).
¶ 12 "Where two or more enactments are involved, the primary object is to determine the latest expression of the legislative will." Grand River Dam Auth. v. State, 645 P.2d 1011, 1018
(Okla. 1982). "Ordinarily, exceptions should not be read into the statute which are not made by the legislative body." Id. GrandRiver Dam Authority noted that In re Oklahoma TurnpikeAuthority, 416 P.2d 860 (Okla. 1966), held that the "Turnpike Authority was not subject to the provisions of the APA, even though it was not specifically excepted by the [APA], because the Oklahoma Turnpike Act evidenced a legislative intent to exclude the Authority from the provisions of that act." Id. at 1019 (footnote omitted). Here, even though the GRDA is not specifically excluded from the APA rulemaking requirements in Section 250.4(A) of the APA, the Legislature has excluded the GRDA from the APA rulemaking provisions for rules relating to the waters of the Grand River by the enactment of Section 861A of Title 82, a section of the GRDA's governing statutes. This determination of the Legislature's intent with regard to this partial exemption from the APA is reinforced by Section 863.3(B), which authorizes the Board to "grant exemptions from any rules not promulgated pursuant to the Administrative Procedures Act which deal with the waters of the Grand River and its tributaries." Id. This section acknowledges that the GRDA promulgates certain rules without following the APA. Whether any particular rule promulgated by the GRDA "deal[s] with the waters of the Grand River and its tributaries" (82 O.S. Supp. 2004, §861A[82-861A](B)(1)) is a question of fact that cannot be answered in an Attorney General's Opinion. See 74 O.S. 2001, § 18b[74-18b](A)(5) (Attorney General Opinions address questions of law).
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The enactments of the 2003 Legislative Session ( see 2003 Okla. Sess. Laws ch. 459) amending and creating statutes governing the Grand River Dam Authority altered the applicability of the Administrative Procedures Act, 75 O.S. 2001 Supp. 2004, §§ 250-323, to the Grand River Dam Authority by creating a limited exception. The Grand River Dam Authority is subject to the rulemaking provisions of Article I of the Administrative Procedures Act, 75 O.S. 2001 Supp. 2004, §§ 250-323, except when promulgating rules dealing with the waters of the Grand River and its tributaries. 82 O.S. Supp. 2004, § 861A(B)(1).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN BASS Assistant Attorney General